## RACHAL et al. *v.* RACHAL et al.

The fact that a witness is a son-in-law of the party by whom he was offered, is an objection to his credibility, but not to his admissibility.

Simulation in written acts, when alleged by third persons or forced heirs, may be proved by parol.

A copy of a writing, not authenticated by the proper officer, is inadmissible, not being the best evidence in the power of the party offering it.

Where the witnesses to an act of partition *sous seing privé*, containing donations to the children of the party by whom it was made, are dead, and their signatures are proved, no

objection can be made to the admissibility of the act in evidence, on the ground that it was not authentic.

A mother, co-defendant with her son, may be interrogated on facts and articles; but her answers are not evidence against the son. They can only affect the party by whom they were made.

The action of forced heirs, in which the sale from a parent to his children is attacked as containing a disguised donation, is not derived from the ancestor, but from the law. So far as their *ligitime* is concerned they are not heirs, but creditors.

RACHAL
*v.*
RACHAL.

APPEAL from the district court of Natchitoches, *Taylor*, J. *Campbell*, for the plaintiffs. *M. C. Dunn*, for the defendants. The judgment of the court was pronounced by

ROST, J. This suit is instituted under article 2419 of the Code, which. authorizes forced heirs to attack the sales of parents to children as containing disguised donations. There was judgment in favor of the plaintiffs, and the defendant, *Prudent Rachal*, appealed.

On the trial of the cause the plaintiffs offered *H. F. Twichel* as a witness. The defendants objected to his testimony, on the ground that he is the son-in-law of one of the plaintiffs, and took a bill of exceptions to the opinion of the court overruling the objection. The district judge did not err. The objection made went to the credibility of the witness, not to his admissibility. *Bernard* v. *Vignaud*, 10 M. R. 485.

The defendants also objected to the testimony of this and other witnesses, on the ground that the questions asked went to explain or to contradict written acts; but the evidence was received, the court considering it the best mode by which the simulation could be proven, and bills of exception were taken. This evidence was properly admitted. Simulation, when alleged by third persons or forced heirs, may be proved by parol. 1 La. 239. 6 M. 525.

The defendants offered in evidence a schedule of an auction sale of the effects of *Prudent Rachal*, on proving by a witness that the auctioneer named therein had acted on the occasion as auctioneer, and had signed the original of which a copy was offered in evidence. The court, on the objection of the plaintiffs, refused to admit this evidence, on the ground that it was a copy, and that the original should be produced or accounted for. The defendants excepted. The court did not err. The paper offered was not the best evidence in the power of the party offering it, not being authenticated by the proper officer.

The plaintiff offered in evidence an act of partition containing donations to his children, to take effect after his death, and anterior in date to the sale to *Prudent Rachal*. The defendants objected to its introduction, on the ground that it was not authentic; but the court overruled the exception, and they took a bill of exceptions. The witnesses to the act were all dead, and their signatures were proven. The date of the act was certain, at least, up to the death of the witness who died first, and there could be no reason not to receive it as evidence.

The plaintiffs had filed interrogatories to *Marie Rosalie Rachal*, the widow of *Dominique Rachal*, and one of the defendants in the suit.

*P. Rachal* objected to these interrogatories being answered, on the ground that the party interrogated was his mother and could not testify against him. The judge properly overruled the objection; but the answers to these interrogatories are not evidence against *Prudent Rachal*; they can only affect the party who made them.

On the merits, the plaintiffs have shown satisfactorily that the sale to *Prudent Rachal* was a disguised donation, and that no consideration passed. They have also established the value of the property transferred to be $15,000, and

RACHAL
v.
RACHAL.

that the sale included all the property of their ancestor, except a few moveables valued in the inventory at $61 50. They have therefore made out the case alleged in their petition, and are entitled to recover, unless the peremptory exception, filed by the defendant during the trial, can be sustained. It is as follows : The defendant, *Prudent Rachal*, files a peremptory exception to the plaintiffs' petition, inasmuch as they charge that the contract of their ancestor, *Dominique Rachal*, was illegal, immoral, and contrary to public policy, and that they can no more recover under such a contract than he could if still alive.

The petition contains no allegation that the sale was made for a fraudulent purpose ; but some of the plaintiffs' witnesses have stated in their evidence their belief that, the object of the sale was, at the beginning, to place the property conveyed out of the reach of a suit then pending, and in which *D. Rachal* was cited as warrantor. The alleged object of *Dominique Rachal* in making this sale cannot affect the rights of his forced heirs. The action by which they seek to enforce those rights is not derived from him, but from the law. So far as their *legitime* is concerned, they are not heirs ; they are creditors. The exception is not tenable.                          *Judgment affirmed.*