## J. P. Heiss *v.* Denis Cronan.

Where the true agreement between the parties in relation to the transfer of real estate, can only be arrived at by consulting parol evidence which is inadmissible, a title cannot be established.

APPEAL from the Second District Court of New Orleans, *Lea*, J.

*A. N. Ogden & Stansbury*, for plaintiff and appellant. *G. B. Duncan*, for defendant.

Spofford, J. The plaintiff sues to be recognized as co-proprietor with the defendant to the extent of an undivided half interest in a tract of land purchased, in the name of the defendant, at a syndic's sale.

The petition alleges that the original purchase was made in the name of *Cronan*, for the joint interest of *Cronan* and the plaintiff, but that the former fraudulently witholds the property and claims the whole.

Parol evidence was offered to prove the verbal acknowledgments of *Cronan*, that the facts are as alleged. The testimony was properly rejected. C. C. 2255, 2256, 2415. The allegation of fraudulently denying the original bargain, does not take the case out of the rule, for a verbal agreement of this sort, touching immovable property, is only capable of being enforced at law when the party to be charged confesses it on oath and actual delivery has been made. Every refusal to carry out an oral agreement for the conveyance of land, might in one sense be charged to be fraudulent, and thus the rule would be made nugatory.

But the plaintiff further relies upon an unsigned draft of a power of attorney in the handwriting of *Cronan*, empowering the latter, as agent of the plaintiff, to represent him in any suit at law which might be brought against any interest he might have in the tract of land bought by *Cronan* at the syndic's sale. This document was never executed by the plaintiff, nor accepted by the defendant. At the time it was written, there may have been negotiations between the parties as to an interest which were never consummated. It is not an admission in writing by the defendant, that the plaintiff was owner of an undivided moiety of the land the title to which was adjudicated to *Cronan* alone; nor can this unfinished and indefinite instrument be eked out by parol.

Finally, the plaintiff relies upon the fact, that in a former suit prosecuted in the name of *Cronan* alone, (*Heiss* being in no manner a party,) against the syndic and the succession of *John McDonogh*, to clear the title to the land in question from a pretended claim of the *McDonogh* estate, the counsel of *Cronan* offered as a part of his evidence, a *projet* of an act of sale of the land in dispute purporting to be from the syndic, " to *Denis Cronan* and *John P. Heiss*, the said *John P. Heiss* being herein represented by the said *Denis Cronan.*"

The act was not dated nor signed by a notary, or any one else.

If this *projet* had been offered in a suit to which *Heiss* was a party, or in which there was any issue as to their respective interests in the land, it would have constituted an admission sufficient to estop the defendant *Cronan* from denying that *Heiss* was jointly interested in the land with himself. The authority cited by the appellant from 5 An. 22, *Denton* v. *Irwin*, would then have been applicable.

But there is no judicial admission in the former suit, that *Heiss* was equally interested in the purchase, *Cronan* claimed the whole tract, conducting the suit in his own name. The adjudication was to *Cronan* alone, and the adjudication was the title; after the adjudication and before the formal act of sale was passed, there might have been a negotiation between *Cronan* and *Heiss* to give the latter an interest in the purchase, and a projet of an act might have been drawn up with that view, which was afterwards abandoned. The projet although offered in evidence by *Cronan*, under these circumstances, does not prove the land was sold at the syndic's sale to *Cronan & Heiss*, and cannot prove that they ever were co-proprietors thereof, unless it is supplied by parol proof, which, as we have already stated, is inadmissible.

It is proper to remark that there seems to have been some mistake also in offering this *projet*; for the notes of evidence in the former suit, also relied upon by the plaintiff in the suit, speak only of a projet of sale to *D. Cronan*, not to *Cronan* and *Heiss*, and it appears in this case that such a *projet* was drawn.

The true agreement of the parties can only be arrived at by consulting parol evidence, which we are not permitted to do.

Judgment affirmed.