## No. 3357.

### Mrs. Elizabeth George, Widow and Tutrix, v. Charles Campbell—Magee & Kneass, Intervenors.

The plaintiff, not having tendered to the defendant the sum of money conceded to have been paid by the latter for taxes on certain property which she claims to be reconveyed to her, ought not to recover judgment against him for damages arising from his refusal to make the reconveyance to which plaintiff is entitled.

The claim of the intervenors predicated on the allegation that George, the husband of the plaintiff, bought the property which is sought to be made the object of the reconveyance, with money belonging to them, and which he employed for their benefit as their agent, can not be maintained. George was not the agent of the intervenors before the war of the rebellion, and was not acting as such at the time it occurred. They could not have appointed him afterwards, during the war, because they were citizens of Pennsylvania, a loyal State.

But whether the property in question was bought or not with the money of the intervenors is immaterial. If George had stolen the money from the intervenors, they could not have become the owners of the property acquired therewith by him. Besides, they can not establish title to immovable property by parol, and they have no written evidence in support of their pretensions.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. E. T. Merrick, Race & Foster*, for plaintiff and appellee. *Gibson & Austin*, for defendants and appellants. *Labatt & Aroni*, for intervenors and appellants.

WYLY, J. In May, 1862, John R. George, whose succession the plaintiff represents, conveyed the lot of ground on Prytania street, which he acquired from John Holmes, to the defendant, Charles Campbell.

The plaintiff, alleging that this sale was a mere simulation, intended to protect the property of George during his absence in the Confederacy, which occurred immediately thereafter, sues for the property, and also for $1000 damages, resulting from the refusal of the defendant to reconvey the same pursuant to the agreement at the time of said transfer.

In answer to the petition, the defendant admitted having possession of the property, and averred his willingness to turn over the same to the legal representatives of the succession of John R. George, upon their reimbursing him the amount he had advanced for taxes and

necessary expenses, amounting to $667. He also answered the interrogatories or facts and articles propounded by the plaintiff, admitting that the $4500 paid for the property had been returned to him by George two days after the sale, and that the understanding was that the property was to be reconveyed by him to George. There was much irrelevant matter in the answers which was improperly inserted therein.

After the issue was made up and the defendant had answered the interrogatories or facts and articles, Magee & Kneass intervened, setting up title to the property in controversy on the ground that John R. George was their agent, and the funds with which he acquired said property belonged to them.

The court gave judgment in favor of plaintiff for the property, and also condemned the defendant to pay $1000 damages. A remittance of $270 37, the amount of taxes conceded to have been paid by the defendant, was entered in reduction of the judgment for $1000.

The defendant and intervenors have appealed.

The plaintiff not having tendered to the defendant the sum of money conceded to have been paid by him for taxes, ought not to recover judgment against him for damages arising from his refusal to make the reconveyance. In other respects we regard the judgment as correct.

John R. George was not the agent of the intervenors appointed before the war of the rebellion, and acting as such at the time it occurred. They could not have appointed him afterwards because they were citizens of Pennsylvania, a loyal State.

We are not satisfied that the funds actually employed by George in purchasing the property in question, in February, 1862, belonged to the intervenors. But whether they did or not is immaterial. If George had stolen the money from the intervenors, they would not have become the owners of the property acquired therewith by him. Besides, in this controversy the intervenors can not establish title to immovable property by parol, and they have no written evidence in support of their pretensions.

It is therefore ordered that the judgment herein be amended by striking out that part thereof decreeing plaintiff $1000 damages, and by providing that the defendant be not required to execute the conveyance to the plaintiff until the latter pays over to him $270 37, the amount of taxes paid by him; and as thus amended, it is ordered that the judgment be affirmed, appellee and the intervenors paying costs of appeal.

Rehearing refused.