ROGERS, J.
 

 This suit was instituted by plaintiffs against their two sisters and three brothers. Defend
 
 *236
 
 ants 'filed, an exception of no cause of action, whibh was sustained and plaintiffs’ suit dismissed. From the judgment, plaintiffs prosecute the present appeal.
 

 Plaintiffs’ petition and prayer are extremely lengthy. Briéfly stated, the allegations thereof and the relief demanded are as follows, viz.: •
 

 That in the-year 1902 Mrs. Lucy O. Prescott delivered to' her .son, Lewis D. Prescott, to be held, invested, and administered by him as Her agent and for her account, the sum of $4,000. ■ That Lewis D. Prescott purchased in his own name on February 23, 1907, two contiguous tracts of land in the parish of St. Charles, one for $4,000 cash and the other for $1 cash, and $2,000 on credit represented by his notes. That these purchases, though Separately made, were, in truth and fact, a single- transaction, the cash portion of the consideration of which was the $4,000 received by the purchaser from his mother,' and that therefore both tracts of land belonged -to her.
 

 That, notwithstanding his mother thus acquired and owned the property, Lewis D. Prescott-conveyed to her for $4,000 the tract Of land for which he had paid that amount, excluding, however, the timber thereon. That thereafter Lewis D. Prescott continued to administer both tracts of land, and that he cut and removed the timber which had been reserved in the conveyance to his mother, finally selling-.the timber for his own account, and using the.proceeds of the sale to liquidate the credit portion of the purchase xj'rice of the tract of land held by him.
 

 That on October 13, 1920, acting for himself and -as the agent of his mother, Lewis D. Prescott sold both tracts of land to one Maurice Wogan for $7,500 each, partly for cash and partly oír terms of credit. That the cash portion of the consideration in -each of the sales was $2,500, which was paid to the respective vendors. That Lewis D. Prescott has never accounted for the $2,500 thus received by him.
 

 That the vendee failed to pay the credit portion of the purchase price stipulated in the acts -of sale, and it became necessary for the vendors to foreclose the mortgages and take the property back. That subsequently Lewis D. Prescott, acting for himself and his mother, settled their deficiency claims against their vendee for $2,500, which he divided between himself and his mother. That said Prescott has not accounted for the $1,250 thus received by him.
 

 That on May 18, 1926, both tracts of land were sold to the Realty Development Company for $200,000, of which amount $50,000 was paid in cash and the balance represented by notes. That the cash received on account of the purchase price was distributed as follows, namely, $20,000 to Mrs. Lucy O. Prescott, $20,000 to Lewis D. Prescott, the vendors, and $10,000 to the realtor on account of his commission for effecting -the sale.
 

 That Mrs. Lucy O. Prescott advanced to her children, excluding Lewis D. Prescott, but including plaintiffs, various sums from the $20,000 received by her from the sale of the property, which advances the heirs should be required to collate.
 

 That of the $150,000 mortgage notes bearing on the property sold Lewis D. Prescott, purports to hold $60,000 as owner and $60,-000 as pledgee of his mother to secure an alleged indebtedness to him of $30,000;' that the remaining notes aggregating $30,000 are held by the realtor as the balance due on his commission for consummating the sale.
 

 That the alleged indebtedness of Mrs. Lucy O. Prescott to Lewis D. Prescott is a simula
 
 *238
 
 tion, and the pledge securing the. samé is an undue preference and advantage without consideration.
 

 That the alleged commission of $40,000 for effecting the sale of the property to the Realty Development Company is grossly exorbitant, and that the defendant participated therein.
 

 Plaintiffs demand a sequestration of all the notes regardless of the pledge; that it be decreed that the notes of the Realty Development Company belong to the succession of Mrs. Lucy O. Prescott, because the property itself belongs
 
 to the
 
 succession, having been held by Lewis D. Prescott “under a constructive trust.” Or, if the succession did not own the property, that it be decreed that the part of the property claimed by Lewis D. Prescott be considered as an indirect preference and advantage in his favor by his mother; and, therefore, that he be required to return and collate $5,000 received from the sale of the timber, $2,500 received from the sale of one of the tracts of land to Maurice Wogan, $1,250 received in settlement of the deficiency claim against Wogan, $20,000 received in cash, and $60,000 received in notes from the sale to the Realty Develop ment Company; that the settlement between Lewis D. Prescott and his mother, wherein she acknowledged her indebtedness to him, be declared null; that there be a partition of the property belonging to the succession, consisting of the notes of the Realty Develop ment Company, aggregating $120,000; that Lewis D. Prescott be ordered to account for the revenues and benefits derived from the sale of timber, leases, farm operations, etc., and also for his interest in the alleged realtor’s commission of $40,000; and that he be ordered to collate such sums as the court may find he has received and appropriated to his private purposes.
 

 . [1, 2] It is plain from the foregoing summary of plaintiffs’ petition that their demand is wholly founded on the theory that, because in the year 1900 their mother delivered- to the defendant Lewis D. Prescott $4,000, the property which he bought for $6,001 in 1907 was actually their mother’s property. Plaintiffs’ demand cannot be sustained.
 

 Plaintiffs do not even charge that the obligation was imposed on Lewis D. Prescott of purchasing the property for Mrs. Lucy O. Prescott. They merely aver that the funds in question were delivered to him to be administered and invested for his mother’s account. Conceding that the money was used by Prescott in the manner alleged, nevertheless Mrs. Prescott did not thereby become the owner of the tracts of land. Plaintiffs cannot establish title to immovable property by parol, and they exhibit no written evidence in support of their pretensions. George v. Campbell, 26 La. Ann. 445.
 

 Parol evidence is inadmissible to create a title in' one who never owned the property or to show that the vendee was in reality some other person than the person named in the deed. Hodge v. Hodge, 151 La. 612, 92 So. 134 ; Eberle v. Eberle, 161 La. 313, 108 So. 549.
 

 Since. plaintiffs cannot be heard on their claim of title to the property purchased by Lewis D. Prescott, they cannot demand an accounting of the revenues of the property or a partition of the proceeds derived from the sale thereof. The extent of'their claim against Prescott is for an accounting of the $4,000 which he originally received from Mrs. Lucy O. Prescott.
 

 The district judge, in sustaining defendants’ exception, reserved plaintiffs the right to sue for a partition of the property belonging to the succession of their mother.
 

 
 *240
 
 For the reasons assigned, the judgment appealed from is affirmed.