175 La. 352

## LINDNER et al. v. COTONIO.

### No. 31375.

Supreme Court of Louisiana.

June 20, 1932.

Rehearing Denied July 20, 1932.

Theo. Cotonio, Jr., of New Orleans, for appellant.

McCaleb & McCaleb and E. Howard McCaleb, all of New Orleans, for appellees.

ROGERS, J.

John F. Lindner and Theodore Cotonio, on June 13, 1901, entered into a written contract for the purchase of property sold by the state of Louisiana and the city of New Orleans for delinquent taxes. Lindner agreed to furnish the money, and Cotonio, who is an attorney at law, agreed to furnish his professional services to the enterprise. The contract stipulated that all titles should be taken in Lindner's name, but that Cotonio should have an equal interest in the property purchased.

John F. Lindner died in August, 1915, and his widow and four children, all majors, were placed in possession of his estate, including the tax-sale property undisposed of, which was held subject to the stipulations of the contract with Cotonio.

On March 16, 1927, the widow and heirs of Lindner brought this suit for a partition of the property which they owned in indivision with Cotonio.

Defendant answered, denying plaintiffs' title and setting up title and ownership of the whole property in himself. He alleged that for a consideration which he agreed to pay plaintiffs had renounced all right, title, and interest in the property sought to be partitioned and had agreed to transfer the property to him upon reimbursement to them of the amount which John F. Lindner had disbursed on account thereof in accordance with a statement furnished by plaintiffs to defendant. That plaintiffs are estopped by conduct and have abandoned title in failing to defend or to pay the costs in a certain suit styled Gamet v. Lindner, involving the validity of title to one of the properties, and in failing to pay taxes, which defendant was compelled to pay. In the alternative, defendant claims by way of reconvention $15,000 for professional services rendered in the aforementioned suit of Gamet v. Lindner. Simultaneously with the filing of his answer, defendant deposited in the registry of the court $850.92 in settlement of plaintiffs' rights and interest in the property as described in plaintiffs' petition.

After trial on the issues presented, the court below rendered judgment of partition in the customary form and containing the usual reservations. Defendant appealed. Pending the appeal, Mrs. Lindner died, and her heirs, coplaintiffs, were made parties to the suit.

■ The property involved herein was acquired by the late John F. Lindner in his own name, but under a contract by which the defendant Theodore Cotonio was to be the owner of an undivided one-half interest therein. In order that defendant should now be adjudged to be the owner of the whole property, he must establish his acquisition of the undivided one-half interest of the Lindner heirs by written evidence. Civ. Code, arts. 2440, 2996, 2997, 2275, 2290; Blythe v. Hall, 169 La. 1120, 126 So. 679; Lewis v. King, 157 La. 718, 103 So. 19; Milburn v. Wemple, 156 La. 759, 101 So. 132; Hanby v. Texas Co., 140 La. 189, 72 So. 933. This defendant has failed to do.

■ The record discloses a voluminous correspondence, extending over a period of more than four years, between plaintiffs' attorney and the defendant, looking to a disposition of the undivided one-half interest of plaintiffs in the property; and that during the course of the negotiations, defendant sent plaintiffs' attorney certain drafts of agreements to be signed by his clients. But it also appears that none of the proposed agreements was signed by the Lindners, and that no conveyance of the property to defendant was ever executed.

Defendant contends that he acquired the interest of the Lindners in the property by estoppel. As the basis of this contention, defendant claims he was lulled into the belief by plaintiffs that they had accepted his offer, and that all he owed them was the amount that had been expended by John F. Lindner in purchasing the property at tax sale. We do not think the record shows this. Defendant had ample opportunity to complete the negotiations with plaintiffs' attorney if he had desired to do so. But he apparently purposely delayed and remained silent until after a favorable decision was rendered by this court in the suit of Gamet's Estate v. Lindner, 159 La. 658, 106 So. 22, whereby a previously unmerchantable title was perfected. The day after the decision became final by the refusal of a rehearing, defendant sent the Lindners a check for $850.92, instead of $919.45, which was the amount of the statement sent him more than a year before, and demanded the delivery of the deed prepared by him, which tender and demand plaintiffs rejected.

■ Defendant produced no written evidence in support of his plea of estoppel; and, even in aid of such a plea, title to immovable property cannot be established by parol evidence. Civ. Code, arts. 2275, 2290, 2440; Bayard v. Baldwin Lumber Co., 157 La. 1003, 103 So. 290; Chronos Land Co. v. Crichton, 150 La. 969, 91 So. 408.

The demand for attorney's fees for services in the case of Gamet v. Lindner alternatively asserted by defendant is protected, for whatever it may be worth, in the judgment appealed from, which expressly reserves defendant's right to assert in partition his claims for fees or disbursements in connection with the property sought to be partitioned.

Finally, defendant has suggested in his brief that there is no evidence in the record that the property described in plaintiffs' petition is not susceptible of division in kind, and that as the titles are suggestive of litigation they cannot be made the subject of a partition. But neither of these issues was raised by defendant in his pleadings, and counsel's brief forms no part of the pleadings. Dejol v. Johnson, 12 La. Ann. 853; Yorke & Co. v. Scott & Co., 23 La. Ann. 54. Hence, they cannot be considered.

For the reasons assigned, the judgment appealed from is affirmed.