175 So. 462

CEROMI v. HARRIS.

No. 34301.

May 24, 1937.

Rehearing Denied June 21, 1937.

Weiss & Weiss, of New Orleans, for appellant.

Joseph A. Casey, of New Orleans, for appellee.

ROGERS, Justice.

The parties litigant are mother and son. The plaintiff, Mrs. Anna Ceromi, widow of Charles K. Harris, purchased from the Phœnix Building & Loan Association, on

January 30, 1924, by notarial act, two lots of ground on Marks street, between Monroe and Leonidas streets, in the city of New Orleans. The improvements on the property are designated by the municipal numbers 8614 and 8616 Marks street. The defendant, Charles K. Harris, has been in possession of the premises No. 8614 Marks street for more than one year and has refused to surrender his possession to the plaintiff.

The plaintiff, Mrs. Anna C. Harris brings this suit against Charles K. Harris, to be recognized as owner and to obtain possession of the property occupied by the defendant.

Defendant admits plaintiff's acquisition of the property, but he avers that by mutual consent the property was placed in plaintiff's name merely for convenience. Defendant alleges that the greater portion of the purchase price was paid by him, not by plaintiff, and that, as a consequence, the property, although it was placed in plaintiff's name, is his property, except to the extent of the interest acquired by plaintiff as the result of the relatively small portion of the purchase price paid by her.

Defendant further alleges that some of the money invested by plaintiff in the purchase of the property was collected by her for his account while he was a minor in settlement of a claim for damages for the death of his father, who died more than thirty years ago. That from time to time he lent sums of money to plaintiff for the purpose of making payments to the building and loan association, paying

taxes, installing plumbing, repairing and painting the house and building a garage.

Defendant prays to be recognized as the owner of the property, subject to such amount as the court finds to be due plaintiff for her investment therein. That, if not decreed to be the owner of the whole property, he be decreed to be the owner of a portion of the property, and that the court fix the amount of his interest therein. And, finally, that he be decreed to be a secured creditor against the property in such amount as the court may determine.

Defendant propounded facts and articles to be answered by plaintiff, in which he inquired only as to the amount of money allegedly collected by plaintiff for his account and as to the advances allegedly made to plaintiff for the purpose of paying monthly installments on the mortgage indebtedness, paying taxes and making improvements and repairs to the property. No inquiry was made by defendant as to the alleged agreement between him and the plaintiff that the property in dispute was to be owned wholly by the defendant or by the plaintiff and defendant jointly.

On the trial of the case, the defendant failed to establish title in himself either by the written acknowledgment of plaintiff or by her answers to the interrogatories on facts and articles. And on plaintiff's objection the trial judge refused to admit parol evidence to establish such title. Accordingly, the trial judge gave plaintiff judgment, decreeing her to be the owner of the property in dispute and entitled to the full and undisturbed possession thereof; and that defendant deliver possession of the property to plaintiff, costs of suit to be paid by defendant. From that judgment, defendant has appealed.

█ Parol evidence to prove defendant's ownership of the property in dispute was properly rejected by the trial judge. It is axiomatic under the law and jurisprudence of this state that parol evidence is inadmissible to create a title in one who never owned the property or to show that the vendee was in reality some other person than the person named in the act of sale. Civ.Code, arts. 2275, 2276, 2292, 2440; Hanby v. Texas Company, 140 La. 189, 195, 72 So. 933; Hodge v. Hodge, 151 La. 612, 92 So. 134; Eberle v. Eberle, 161 La. 313, 108 So. 549; Succession of Prescott, 170 La. 233, 127 So. 611; Lindner v. Cotonio, 175 La. 352, 143 So. 286.

█ And it has been held that the rule finds no exception in the case of a purchase of real estate by an agent with funds alleged to belong to his principal. Hackenburg v. Gartskamp, 30 La.Ann. 898; Perrault, Tutrix, v. Perrault, 32 La.Ann. 635; Stierle v. Kaiser, 45 La.Ann. 580, 12 So. 839.

█ Even where real estate is acquired with stolen money the owner of the money does not become the owner of the property. George v. Campbell, 26 La.Ann. 445.

The case of Heiss v. Cronan, 12 La. Ann. 213, is analogous to the instant case. In that case plaintiff sued to be recognized as coproprietor with the defendant to the extent of an undivided half interest in a tract of land purchased in defendant's

name at a syndic's sale. The petition alleged that the purchase was made in the name of defendant for the joint interest of defendant and plaintiff, but that defendant fraudulently withheld the property and claimed the whole. Plaintiff offered to prove by parol evidence the verbal acknowledgments of defendant that the facts were as alleged in the petition. This court held that the evidence was properly excluded, and that the allegation of fraudulently denying the original bargain did not take the case out of the rule, for a verbal agreement of this sort, touching immovable property, was only capable of being enforced at law when the party to be charged confessed it on oath, and when delivery had been made. Every refusal to carry out an oral agreement for the conveyance of land might in one sense be charged to be fraudulent, and thus the rule would be made nugatory.

We have examined the cases cited by defendant and fail to find any conflict between them and the cases cited above. These cases are Rachal v. Rachal, 4 La. Ann. 500; Lyons v. Lawrence, 118 La. 461, 43 So. 51; Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 81 So. 753; Gentilly Development Co. v. Carbajal, 166 La. 905, 118 So. 78.

Plaintiff objected to the admission of any evidence on defendant's reconventional demand for the recovery of the amount of loans and advances allegedly made by defendant to plaintiff for payments on account of the purchase price and for improvements, repairs, and taxes. The grounds of objection were, that the reconventional demand was not necessarily connected with or incidental to the main demand; that defendant's demands were vague and indefinite as to times, amounts, and occasions; and that the demands were prescribed. The trial judge sustained the objection and excluded any evidence on the reconventional demand, stating that he would dismiss as in case of nonsuit, defendant's claim for a money judgment, in the event he should find that the title to the property was in plaintiff. We find no error in the ruling. However, in rendering judgment in plaintiff's favor, decreeing her to be the owner of the property, the trial judge inadvertently omitted to dismiss defendant's reconventional demand as in case of nonsuit. We think the judgment should be amended in that respect. The amendment, however, is not such as to require plaintiff to pay the costs of the appeal.

For the reasons assigned, the judgment appealed from is amended, so as to dismiss defendant's reconventional demand as in case of nonsuit; in all other respects the judgment is affirmed. Defendant is to pay the costs of appeal as well as the costs of the district court.