The plaintiff, the widow of Cecil Vernon Pattison, alleges that she and Cecil Vernon Pattison were married in October, 1937; that the said Pattison died intestate on June 5, 1941, without issue of the marriage, leaving plaintiff and his mother, Mrs. George Pattison, as his sole and only forced heirs. She alleges that by royalty deed dated October 25, 1940, and filed and recorded on December 11, 1940, Manning Oil Corporation *Page 779 
sold to Thelma Bryan, the defendant, for a consideration of $300, certain royalty interest and rights, to-wit: 15/54 of 5/12 of the whole of any oil, gas or other minerals underlying a certain tract of land situated in the Parish of Cameron, including all of the right, title and interest in and to a certain fund deposited in escrow in the matter of a concursus proceeding entitled Union Sulphur Co. v. Campbell then pending in the District Court for Calcasieu Parish. She alleges that the defendant is a sister of her deceased husband; that the said royalty rights were in fact purchased by her said husband during the existence of the community, with community funds and for the use and benefit of her said husband; that while the purchase of the said royalty rights was made in the name of the defendant, the defendant did not know of the transfer at the time the deed was executed; that defendant never paid any part of the consideration; that the placing of the royalty deed in the name of defendant was a fraud upon her and was done to injure and deprive her of her rightful interest in the community then existing between her and her said husband.
In the last article of her petition, she alleges "that said purported sale to defendant was in reality placed in the name of said defendant for the use and benefit of petitioner's husband, Cecil Vernon Pattison, and said defendant was holding said royalty interest for the use and benefit of the said Cecil Vernon Pattison, and your petitioner is entitled to be recognized as the surviving spouse in community and as a forced heir of her deceased husband, Cecil Vernon Pattison, and, as such, she desires to be recognized as the owner of an undivided 3/4 interest in the royalty interest set out in Article 3 of this petition, together with all rights and benefits flowing therefrom." The prayer is in accordance with her petition.
The defendant filed exceptions of no right and no cause of action, which were overruled. The defendant then filed an answer in which she admits the relationship of the plaintiff to Cecil Vernon Pattison, her brother, but alleges that he was also survived by his father and mother; she also admits the royalty sale by the Manning Oil Corporation to her and alleges that her brother, Cecil Vernon Pattison, deceased husband of plaintiff, handled the purchase of the royalty interest for her with funds in his possession belonging to her, all of which was done with her knowledge and authority. She denies the remainder of plaintiff's petition and avers "that there was no thought of defrauding the Community as alleged, nor was the Community defrauded." She prays that plaintiff's demand be rejected at her cost.
Plaintiff filed a supplemental petition in which she alleges that the reason for taking the royalty deed in the name of defendant rather than in the name of her husband was because the royalty interest was involved in a suit and that the purchase of same in the name of her husband would have been the purchase of a litigious right and prohibited by Article 2447 of the Revised Civil Code. She further avers, in the alternative and only should the court hold that she is not the owner of the royalty in question, then that she should recover judgment against defendant in the sum of $225.99, being 3/4 of the purchase price of the royalty deed from Manning Oil Corporation to defendant, with legal interest thereon from judicial demand until paid, and costs. The prayer is in accordance with her petitions.
The case was tried and judgment was rendered in favor of the plaintiff and against the defendant, as prayed for in her original petition. Defendant has appealed.
As defendant does not urge the exceptions filed by her and overruled by the lower court, we consider them abandoned.
As we view the petitions of plaintiff, this suit is, first, to substitute the name of Cecil Vernon Pattison as the purchaser in a deed duly acknowledged and recorded in the conveyance records for the Parish of Cameron wherein it appears that the Manning Oil Corporation sold, for the price and consideration of $300 unto Mrs. Thelma Bryan, a certain royalty interest and rights in real estate situated in the Parish of Cameron and thereby establish title in someone other than the person in whom the recorded title exists, and, second, in the alternative, to secure a judgment for 3/4 of the named consideration in the deed against the party in whose name the recorded title exists.
In seeking to prove her demand as contained in the original petition, plaintiff offered *Page 780 
the oral testimony of herself, which testimony was timely objected to and which objection will hereinafter be discussed, the original petition in the suit of Union Sulpher Co. v. Campbell et al., and a certified copy of the opinion of the Supreme Court in the case, 207 La. 514, 21 So.2d 626, a deed from the Civic Realty Company, Inc., to Manning Oil Corporation and the deed from the Manning Corporation to the defendant, Mrs. Thelma Bryan, and then rested her case.
It is evident that the offering of the petition, together with the decision of the Supreme Court, in the case of Union Sulphur Co. v. Campbell et al., was to show that the royalty interest involved in the suit was involved in a concursus proceeding and is immaterial in determining the issue involved, nor does it show title to Cecil Vernon Pattison, unless parole evidence is admissible.
The introduction of the deeds from Civic Realty Co., Inc., to Manning Oil Corporation is a link to show that the Manning Oil Corporation was the owner of the interest sold by it to Mrs. Bryan.
The testimony of plaintiff was taken out of court. When plaintiff sought to prove by parole that her husband was the owner of the royalty interest, and in reality was the purchaser of it in the sale made by the Manning Corporation and that the sale was made apparently to defendant as a matter of convenience to him, the subject matter being a litigious right, timely objection was made to such proof substantially on the grounds that title to real estate cannot be established by parole evidence, and that such evidence was not admissible to contradict the deed made by Manning Corporation to defendant. The transcript fails to show the ruling of the District Judge, but evidently it must have been overruled in that we find the evidence in the transcript and in his reasons for judgment, the trial court considered such evidence as legal evidence. There was no written evidence offered to establish the alleged title in plaintiff's deceased husband, therefore none to establish the alleged title in the plaintiff. Plaintiff did not propound to the defendant interrogatories on facts and articles as provided for by Civil Code Article 2275 in any attempt to establish written evidence pertaining to the title of this real property. Nor did plaintiff produce any counterletter signed by the defendant setting forth that she held title to the property for her brother, Cecil Vernon Pattison, the deceased husband of plaintiff.
From the above statement of the case, it is obvious that the first question presented for our consideration is whether parole evidence is admissible to prove the title to the royalty rights and interest in dispute, under the sale from the Manning Oil Corporation, really vested in Cecil Vernon Pattison instead of in defendant, the vendee named in the deed, in whose name, it is contended, the title was put to suit the convenience of the said Pattison in order to circumvent the prohibition as contained in Civil Code Article 2447, he, Pattison, being, at that time, the District Attorney of the Fourteenth Judicial District, wherein the case of Union Sulphur Co. v. Campbell was pending.
The provisions of the Civil Code, and the jurisprudence thereunder applicable to the case at bar, may be stated, in substance, as follows:
"Art. 2275. Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."
"Art. 2276. Neither shall parole evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
"Art. 2440. All sales of immovable property shall be made by authentic act or under private signature.
"Except as provided in Article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."
[1,2] Under these civil code articles, it is now the well settled jurisprudence of this State that parole evidence is inadmissible to create a title in one who had never owned the property or to show that the vendee was *Page 781 
in reality some other person than the person named in the act of sale. Hoffmann v. Ackermann, 110 La. 1070, 35 So. 293; Hanby v. Texas Co., 140 La. 189, 195, 72 So. 933; Hodge v. Hodge,151 La. 612, 92 So. 134; Eberle v. Eberle, 161 La. 313,108 So. 549; Succession of Prescott, 170 La. 233, 127 So. 611; Linder v. Cotonio, 175 La. 352, 143 So. 286, and Ceromi v. Harris,187 La. 701, 175 So. 462. Thus, under the Civil Code Articles supra and the settled jurisprudence quoted supra the objection to the parole testimony should have been sustained and the evidence rejected and should not have been considered by the trial judge. Without this parole evidence plaintiff's demand for recognition of title to said royalty interest rights stands unproved and the judgment in her favor is therefore erroneous and should be set aside.
[3,4] With reference to plaintiff's alternate demand the judgment appealed from granted plaintiff the relief prayed for. The defendant appealed. Plaintiff has failed to answer the said appeal praying that, first the judgment on appeal be affirmed, and, second, in the alternative, urge her 'alternate demand. In her brief, she' so prays. It is now well settled that any change in the judgment of the lower court, desired by the appellee, must be asked by him in a regular answer. It is not sufficient to demand it merely in appellee's brief. It is also well settled, under Articles 592 and 888 of the Code of Practice that the appellee must answer the appeal when he wishes a change to be made in the decree rendered below by the trial court. To grant the relief prayed for in the alternate demand would be tantamount to an amendment of the judgment. Therefore, we cannot consider the alternate demand.
For these reasons, the judgment appealed from is annulled, reversed and set aside. It is now ordered and decreed that plaintiff's suit be and the same is hereby dismissed at her costs. *Page 822