This is a suit for partition by licitation of thirty-three acres of land in Natchitoches Parish, Louisiana. Plaintiffs are W.H. Harrison and the heirs of Douglas Lewis and Simon Sanders. The defendants are the heirs of Lee Patterson.
The petition alleges that W.H. Harrison, Douglas Lewis, Simon Sanders and Lee Patterson acquired a forty acre tract of land in Natchitoches Parish by deed dated January 13, 1911; that four acres out of the forty were sold to Green Grove Church and three acres to the Natchitoches Parish School Board, leaving title to the thirty-three remaining acres in plaintiff, W.H. Harrison (the sole survivor of the four vendees in the 1911 deed) and the heirs of Lee Patterson, Douglas Lewis and Simon Sanders, the three deceased vendees in the 1911 conveyance.
The petition further alleged that the timber was sold from this thirty-three acres of land for $500 and that Allen Patterson, one of the heirs of Lee Patterson, deposited this money in the Bank of Saline on June 9, 1946 in the name of Green Grove Club, and that this money was owned in the same proportion as the thirty-three acres. The relief prayed for was that the thirty-three acres be sold and that the proceeds of the sale and the $500 (less costs) be divided one-fourth to W.H. Harrison and each remaining fourth to the heirs of each of the other vendees named in the 1911 conveyance.
Defendants answered and set up that the land in question was purchased in 1911 "out of donations made by approximately twenty-five ciitzens" from among the colored people of the Green Grove community, *Page 647 
who had organized themselves for the purpose of promoting community interest in the churches, public schools and other organizations, and that the actual title to the land involved in the present suit "was and is in the citizens of said community."
Relative to the $500 on deposit in the Bank of Saline, the answer set up further that no portion of this money at any time belonged to the plaintiffs or to defendants; on the contrary, same belonged to the Green Grove community.
The answer further set forth that since the deaths of Lee Patterson, Douglas Lewis and Simon Sanders, the Green Grove community has elected new trustees to serve in the management of the lands and property. These trustees being Edward Nolly, Gus Tobin, Allen Patterson, Davis Nolly and Alfred Nolly, withAllen Patterson as the Chairman and David Nolly as the Secretary of the said trustees. Defendants prayed that the suit be dismissed and that the trustees above named be recognized as the legal trustees to hold title to the property for the community.
Subsequently, a petition of intervention and third opposition was filed by Ed Nolly, Coy Mathews, Richard Tobin, Jim Tobin, Isabell Patterson, Rachal Patterson, Levi Patterson, P.M. Turner, C.W. Walker, Bud Nolly, Otis Patterson and John Jenkis. This petition set forth that the lands in question were purchased as a community venture by citizens organized into what was known as the Green Grove Club, which had a chairman and secretary and held regular meetings; that the money paid the 1911 vendor for the land was contributed in the sum of $4.17 each by various citizens; that W.H. Harrison, Lee Patterson, Douglas Lewis and Simon Sanders, the named vendees, were agents and trustees of the club and community in the acquisition of the lands. The petition charged that W.H. Harrison and the other plaintiffs fraudulently had the title to the property placed in the name of the committee as individuals instead of in the name of the club.
The intervenors further set forth that the club and members, including intervenors, sold the timber on the two occasions and fully exercised control and ownership, collecting the sale price and depositing the funds in the bank in the name of the Green Grove Club, and that the funds now on deposit in the Bank of Saline are funds belonging to the community or the club. In the alternative, intervenors prayed that should the Court order the partition, intervenors and the Green Grove Club should be decreed owners of the funds derived from the sale as well as of the funds on deposit in the Bank of Saline.
The defendants filed a supplementary answer, adopting the allegations of the petition of intervention and again charging fraud on the part of plaintiffs and prayed that the suit be dismissed with costs.
The District Court gave judgment decreeing the thirty-three acres of land and the $1500 to be property of the plaintiffs and defendants; directing that the property be sold and that the proceeds of the sale and the $500 on deposit in the Bank of Saline be divided in the proportions of one-fourth to W.H. Harrison and one-fourth each to the heirs of Lee Patterson, Douglas Lewis and Simon Sanders.
The defendants appealed. Intervenors did not appeal.
On the trial of the case, counsel for defendants offered in evidence the minutes of the Green Grove Club, to which counsel for plaintiffs objected on the ground that the purpose of the testimony was to establish title to real estate by parol testimony. The Court sustained this objection. The Court also sustained objection to questions designed to elicit oral testimony that W.H. Harrison, Lee Patterson, Douglas Lewis and Simon Sanders received the 1911 title as agents of the Green Grove Club, and to the circumstances surrounding that sale, including questions as to whether the four 1911 vendees were active members of the Green Grove Club.
[1, 2] The District Court correctly ruled out this parol testimony offered for the purpose of proving that title to the property did not rest in the persons named in the deed of January 13, 1911. Parol evidence is not admissible to create a title in one who never owned the property and this rule against parol also applies when an effort *Page 648 
is made to show that ownership was intended to be transferred to one not named as vendee in the act of sale. Civil Code, Articles 2275, 2276, 2292, 2440. Ceromi v. Harris, 187 La. 701,175 So. 462.
The record shows that on June 9, 1945, a check from the Saline Lumber Company was made payable to W.H. Harrison and A.L. Patterson; that this check was endorsed by both payees and deposited in the Bank of Saline to the credit of "Green Grove Club."
[3] Granting, for the sake of argument, that the $500 obtained for the timber could legally have been retained by the persons named as vendees in the 1911 deed (or their heirs), the fact remains that they did not secure and obtain possession of the money. The rule that parol testimony cannot be considered in order to determine title to real estate does not apply to parol testimony to support the Green Grove Club's right to keep possession of the $500 on deposit in its name in the Bank of Saline.
The evidence of Tal Mitchell with reference to this purchase of timber was that he bought it from the community rather than from individual land owners. As he described the transaction, "they had a meeting and I bought it (the timber)." He further testified that he paid the funds to Levi Patterson as secretary of the club. He further testified that W.H. Harrison, one of the plaintiffs, was present at the meeting and took part in the proceedings.
Title to the check, as an endorsed negotiable instrument, was transferrable by mere delivery, and, when it was deposited in the bank to the credit of the Green Grove Club, that Club became owner of the funds, and the sole right to check out the funds rested with the Green Grove Club, in whose name the funds were deposited.
[4] Under these circumstances, we believe that defendants have successfully defended the Green Grove Club against the contention of plaintiffs that the $500 on deposit in the name of Green Grove Club belongs to the vendees (or their heirs) named in the 1911 conveyance.
For the reasons assigned, the judgment appealed from is amended by inserting the sentence: "Plaintiffs' demands for the $500.00 on deposit in the Bank of Saline are rejected." And by striking therefrom the portion directing the Bank of Saline to pay over this $500 on deposit in the name of the Green Grove Club to the Sheriff of Natchitoches Parish and directing his division of same, and, as amended, the judgment is hereby affirmed. All costs in both Courts, including the cost of intervention, to be paid out of proceeds of the sale for partition.