REGAN, Judge.
Plaintiff, David Hill, as owner, instituted this suit for possession of the premises designated by Municipal No. 4610 Ray Avenue, situated in the City of New Orleans, in conformity with the provisions of. Act No.. 298 of 1938 (better known as the “Sharecroppers Act”) against the defend^ ant, Drusilla Selico, and alleged that defendant is occupying the premises only through the sufferance or “accommodation” of plaintiff and that as of December 17th, 1949, plaintiff advised defendant to vacate the premises within five days.
Defendant filed an exception of “no right or cause of action” which was overruled, and then answered and denied that plaintiff was the sole owner thereof and- maintained that she contributed $2,500.00 toward tne purchase price by virtue of an oral agreement between plaintiff and defendant that the property “would be used as a home for *764 both of them”, and that defendant “would have the privilege of residing there as long as she lived”; that defendant believed that the title thereto “was in their joint names” as per their agreement and ascertained that she had no interest therein • only “after plaintiff moved out and began to threaten her with eviction proceedings”; defendant then reconvened and requested that the sale of the property by one Ulysses Lee, Jr. to plaintiff “should be reformed in accordance with the agreement between defendant and plaintiff so as to include defendant as one of the purchasers, with a one-half undivided interest in said property”, or alternatively, that there be judgment in favor of defendant and against plaintiff in the sum of $2,500.00, for the money advanced in connection with the purchase of the property.
The court a qua rendered judgment in favor of plaintiff on the main demand, and dismissed defendant’s reconventional demand “as in case of non-suit”; hence this appeal by defendant.
The record reflects that during the year of 1945, plaintiff, a widower, and defendant, a married woman, began to live together in 1503 Tchoupitoulas Street, in the City of New Orleans, wherein their incompatible residence continued, with the usual intermittent separations, until the latter part of November, 1947, at which time the parties to this apparent unsatisfactory arrangement moved in No. 4610 Ray Avenue, where they existed as man and wife until about June of 1948, at which time plaintiff removed both himself and his accoutrements thérefrom and the defendant remained therein. There exists in the record disputations ad infinitum as to whether defendant remained in the premises with or without the ‘ consent ■ of plaintiff.
The record further reflects that plaintiff acquired the property in question from Ulysses Lee, Jr. for the sum of $950.00, under date of July 31st, 1947, by act before Raymond H. Kierr, Notary Public of this City, wherein plaintiff stated under oath “that he had been married but once and then to Secnella Portis, who died - in the City of New-Orleans on June 7th, 1944 and that he has never since remarried”. At this time the property was unimproved, ■ however, plaintiff was contemplating improvements thereon.
Subsequently, in order to refinance the improvements which had been erected on the property in question, plaintiff, tinder date of March 30th, 1949, by act before George C. Connolly, Notary Public, sold the property to the Columbia Homestead Association for the sum of $1,500.00 and simultaneously, on the same date, a resale occurred from Columbia Homestead Association to plaintiff. Both the sale and resale recite plaintiff’s marital status as “married but once and then to Secnella Portis, who died in the City of New Orleans on. June 7th, 1944, and that he has never remarried;”
Defendant testified (to which testimony counsel for plaintiff objected'and the judge of the court a qua reserved his ruling on the objection until he had heard the testimony, at which time the objection was sustained) that from the time that plaintiff and defendant began to live together as man and wife, defendant was employed as a domestic servant earning from $15.00 to $18.00 per week; that' out of her earnings and by virtue of an agreement, she gave to plaintiff about $12.00 per week to be saved, together with plaintiff’s funds, which would ultimately be used to purchase a home to be owned jointly and occupied by both of them; that the property No. 4610 Ray Avenue was purchased in conformity with this arrangement, and defendant furnished approximately the sum of $2,500.00 toward the price thereof; that the action of plaintiff in acquiring title to the property in his name alone was in violation of their agreement and her lack of education was taken advantage of by the plaintiff; that defendant ascertained that title to the property was acquired individually in plaintiff’s name approximately from one to four months after the acquisition thereof.
Plaintiff testified that he was the owner of the property, and in confirmation thereof, the title was introduced in evidence; he further testified that defendant paid him no rent, did not possess a lease on the property, and that he had sent her a five day notice, on December 17th, 1949, to vacate the said property; the receipt of which was admitted by -counsel for defendant.
*765 Defendant maintains that the sale of- the property by Ulysses Lee, Jr. to plaintiff “should be reformed in accordance with the agreement between defendant and plaintiff so as to include defendant as one of the purchasers with a one-half undivided interest in said property”, or that there be judgment in the alternative, in favor of defendant and against plaintiff for the sum of $2,500.-00.
Plaintiff simply contends that he is entitled to the possession of the property, No. 4610 Ray Avenue, by virtue of being the .owner thereof, as is evidenced by the title to the property, and that the evidence in support of the reconventional demand was properly excluded by the trial judge for the reason that the reconventional demand is not incidental to the main demand.
In oral argument before this court, counsel for defendant abandoned her claim in reconvention for a reformation of the title to the property and now simply contends that defendant is entitled to the sum of $2,-500.00 which she allegedly advanced to plaintiff toward the purchase price of this property.
• In view of the ruling of the judge of the court a qua that “insofar as the reconven-tional demand alleges an agreement under which the reconvenor (defendant) was to advance certain amounts toward the purchase price of certain property, I must sustain the objection because the claim in that respect for refund of those .alleged advances or loans does not grow out, of the same transaction as does the suit for possession of’ the premises”; a fortiori, the only question which we find it necessary to consider by virtue of this appeal is whether defendant’s claim against plaintiff ’for restitution of the $2,500.00 in dispute may be supported by defendant’s action in reconvention.
We are of the opinion that the ruling of the trial judge was eminently correct and we find no error therein.
The case of Ceromi v. Harris, 187 La. 701, 175 So. 462, is apposite and controlling. In that case plaintiff, the mother and record owner of the property, instituted suit against defendant, her son and occupant of the property, to obtain possession thereof. Defendant • answered and admitted plaintiff’s acquisition of the property, but averred that by mutual consent the property whs placed in plaintiff’s name merely for convenience and, in reconvention, alleged that the greater portion of the purchase price was paid by him and that he be decreed a secured creditor against the property in such amount as the court would determine — the court held that the judge of the court a qua properly sustained objection to defendant’s reconventional demand for the recovery of the amount of loans and advances allegedly made by defendant to plaintiff for payment on account of the purchase price and for improvements, repairs and taxes on the ground, that the re-conventional demand was not necessarily connected with or incidental to the main demand ; that defendant’s demands were vague and indefinite as to times, amounts and occasions, and that the demands were prescribed.
We are also of the opinion that the judgment of the court a qua is correct in rendering judgment in favor of plaintiff on the main demand and in dismissing defendant’s reconventional demand as in case of non-suit.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.