JOAN BERNARD ARMSTRONG, Chief Judge.
 

 hThe plaintiff-appellant, General Long-shore Workers, Inc. (hereinafter “GLW’), appeals the summary judgment dismissal of its claims against the defendants-appel-lees, ILA Local 3000 (hereinafter “Local 3000”).
 

 We review summary judgments
 
 de novo.
 
 In this case the burden of proof at trial is not on the moving parties; rather it is on the plaintiffs. Therefore,
 

 ... according to La. C.C.P. 966(C)(2), the mover need not negate all essential elements of the adverse party’s claim, action, or defense, but rather need point out to the court that there is an absence of factual support of one or more elements of the claim. Once the movant negates such a necessary element(s) of the adverse party’s claim, the burden then shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.
 
 Lozier v. Security Transfer and Inv. Corp.,
 
 96-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497. The effect of the legislature’s 1996 amendment to La. C.C.P. art. 966 is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment.
 
 Oakley v. Thebault,
 
 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488.
 

 Moody v. City of New Orleans,
 
 99-0708 (La.App. 4 Cir. 9/13/00), 769 So.2d 670, 671.
 

 LThe parties to this litigation contest the ownership of certain property on South Claiborne Avenue in the City of New Orleans. This action commenced with the filing by the plaintiff of a Petition for Declaratory Relief and for Possession of Property. The named plaintiffs were the GLW and Edward Comeaux, Jr. Mr. Co-meaux
 
 [1]
 
 was described as a “past active member” of the GLW. Named as defendants were ILA 3000 and James Campbell, ILA President.
 

 The petition alleges that:
 

 On June 9, 1948 petitioners, DAVE A. DENNIS
 
 [2]
 
 , individually and represent
 
 *606
 
 ing the GENERAL LONGSHORE WORKERS, INC. (GLW), purchased immovable property located in New Orleans, Louisiana, by act of sale before a Notary, James Wilkerson, III, in good faith, from Dr. Oliver B. Deichman. Please see Exhibit “A”, p. [sic] attached to this petition.
 

 The defendants acknowledge the authenticity of this act of sale, but note that GLW is mentioned nowhere in the document as vendee of the contested property or in any other capacity. The vendee named in the Act was the:
 

 “General Longshore Workers, International Longshoremen’s Association, Local Union No. 1419, an unincorporated association ... acting through its president, DAVE A. DENNIS, by virtue of a resolution of the general membership thereof adopted on the 28th day of February, 1948, a copy of which resolution is hereto annexed ...” [Emphasis added.]
 

 The petition alleges that the resolution referred to above in the language quoted from the Act “was never confected and the copy of the resolution attached to the act of sale was missing the required signatures.” The petition goes on to allege that “absent the resolution,” GLW became the owner of the property [^because the funds used to purchase the property allegedly came from a check drawn on a GLW checking account. The petition further alleges that GLW was aware at the time (1948) of the problem with the resolution, and, therefore, when GLW went forward with the purchase of the property with its own funds, it was with the intention of purchasing it for GLW.
 

 The act was signed by Dr. Oliver B. Deichmann, Dave A. Dennis in his capacity as president of “General Longshore Workers, International Longshoremen’s Association, Local No. 1419,” along with the signatures of two witnesses and the notary. The copy furnished by GLW shows that it was duly recorded in the conveyance records at C.O.B. 560, folio 92, on June 11, 1948.
 

 It is undisputed that on March 19, 1980, the United States District Court for the Eastern District of Louisiana issued an Order, a copy of which was annexed to the plaintiffs’ petition, ordering the approval effective immediately of a plan of merger whereby Local 1419 merged with International Longshoremen’s Association, Local Union No. 1418 (hereinafter “Local 1418”)
 
 [3]
 
 . The merged organizations took on the name, ILA Local 3000 (hereinafter “Local 8000”). The court ordered merger specifically provided that Local 3000 would “assume the assets and liabilities of the two constituent Locals without any dissolution of those Locals.” Therefore, the ap-pellees contend that as a result of this merger, Local 3000 became the successor in interest to Local 1419’s title to the South Claiborne Avenue property.
 

 The merger order referred to the assets of the two merged unions in globo rather than enumerating any of them specifically. Therefore, in order to [ memorialize on the public records the transfer of the South Claiborne Avenue property from Local 1419 to Local 3000, Local 3000 executed an “Act of Transfer and Conveyance of Property per Court Order” from itself as the successor in interest to the assets of Local 1419, to itself in the same capacity, in conformity with the 1980 court ordered
 
 *607
 
 merger which contains the following provision:
 

 Where necessary legal steps will be taken to place the assets officially in the name of the Merged Local [3000].
 

 The transfer to Local 3000 was duly recorded in the records of the Orleans Parish Register of Conveyances. The plaintiff annexed a copy of this act to its petition. While the plaintiff challenges its validity, it does not challenge its authenticity.
 

 The defendants moved for summary judgment based on the face of same the documents annexed to the plaintiffs’ petition as well as certain other documents, chief among which was a copy of the resolution annexed to the 1948 act of sale.
 

 The 1948 Act of Sale is in authentic form. Therefore, GLW may not contradict the declarations in the act with parol evidence, in the absence of fraud, error, counter-letter, or admission of facts to the contrary made by the parties thereto.
 
 Cosey v. Cosey,
 
 376 So.2d 486, 488 (La.1979). It is well-established in Louisiana jurisprudence that parol evidence is inadmissible to show that the vendee was in reality someone other than the one named in the deed.
 
 Id.; Ceromi v. Harris,
 
 187 La. 701, 706, 175 So. 462, 464 (1937). The Louisiana Supreme Court was emphatic on this point stating that it was “axiomatic.” Id.
 
 [4]
 
 Moreover, it is a fundamental principle of Louisiana law that interests in immovable property must |sbe recorded to affect third persons.
 
 Cosey, supra,
 
 376 So.2d at 487. Therefore, GLW is barred from arguing that it was the purchaser rather than Local 1419 as shown in the Act of Sale.
 

 We find that the resolution is, in fact, a valid extract/copy that was properly executed by the recording secretary of Local 1419. The resolution bears a certification attesting to its authenticity bearing the original signature of the recording secretary. The plaintiffs do not challenge the authenticity of the secretary’s signature on the certification of the copy of the minutes, but they contend that his signature is not sufficient in the absence of the signatures of the original signatories to the resolution. As the resolution is a copy duly certified by the secretary of Local 1419, it does not bear the original signatures of the signatories thereto, but, as is entirely appropriate and valid, shows their names typed under the signature lines.
 

 GLW contends that the extract authorizes negotiations but not actual purchase of the property. But the extract specifically says, “negotiate and
 
 [5]
 
 buy this property...."
 

 GLW contends that the execution of the Act of Sale by “Dave Dennis, President” was invalid because “no minutes [were] submitted to verify the extract ...” conferring upon him the authority to sign. However, the certified extract accompanying the act of sale states that the President has the authority to negotiate for and buy the property for a price not to exceed $90,000.00, which was sufficient authority to cover the $80,000.00 purchase price of the property.
 

 The 1948 act of sale describes Local 1419 as an unincorporated association. GLW is a corporation.
 

 LThe plaintiff further complains that the merger was never finalized, but offers no proof, or the possible existence of any proof of any kind to support this alle
 
 *608
 
 gation. This mere conclusory allegation that “the confusing nature of the relationship between GLW, 1419 & 1418 was never clarified and resolved,” is insufficient to overcome the undisputed United States District Court Order of merger, which by its very terms states that the merger was “put into effect immediately....”
 

 In opposition to the defendant’s motion for summary judgment, the plaintiff offered the affidavits of Duralph Hayes and Ray Worthy.
 

 Mr. Hayes avers that he “was previously a member of General Longshore Worker’s, Inc.,” having worked both on the docks and in the administration. He said that it was his understanding that the GLW owned the building “because anyone that used the building had to pay us rent or get permission to use the building.” He further attested that:
 

 Just because we were a chartered member of ILA with the number 1419 did not mean that they owned the property that we, the GLW, had purchased with our money that was gotten from dues paid by members of the GLW.
 

 We will assume for purposes of argument that Mr. Hayes’ affidavit expresses the truth as he perceives it to be. However, it expresses nothing more than his conclusory opinion as to ownership, and does not show that at a trial on the merits that the plaintiffs could prove title to the property in the face of the following: (1) the 1948 act of sale in authentic form to which GLW was not a party; (2) the certified copy of the resolution annexed to the act of sale; (3) the United States District Court ordered merger between Locals 1418 and 1419 into |7Local 3000; and (4) the 2008 transfer of title from Local 3000 to itself. In other words, Mr. Hayes’ affidavit does nothing to discharge the plaintiffs burden of proof and fails to raise any genuine issue of material fact.
 

 The affidavit of Mr. Ray Worthy describes him as having worked for many years as a member of GLW, worked as a longshoreman and “was very involved with the organization and functions of the organization.” He averred that:
 

 I don’t think that the ILA 3000 had owned the building at Washington & Claiborne when they tore it down after Katrina.
 

 This conclusory expression of opinion by Mr. Worthy as to ownership is not proof as to ownership in the face of the documented chain of title offered by the defendants. See discussion,
 
 supra.
 

 Mr. Worthy’s affidavit concludes with the averment that:
 

 The GLW owned the property and building and in 1957 had negotiate[d] with the architectural firm to build the building that has now been destroyed.
 
 [6]
 

 Once again, this conclusory allegation is not evidence of ownership in the face of the documents and public real estate records.
 

 Exhibit 1 annexed to the plaintiffs opposition to the motion for summary judgment appears to be a page from a memorandum filed in the United States District Court merger case. Regardless, it indicates that the Claiborne Avenue property will serve as the headquarters for the “merged local,” a reference to the merger of Locals 1418 and 1419. No mention is made of GLW as owning the Claiborne Avenue property. Therefore, assuming this uncer-tified document could 18be offered as proof, it tends to prove the defendants’ case and not that of the plaintiff.
 

 
 *609
 
 Exhibit 2 annexed to the plaintiffs opposition to the motion for summary judgment shows that in 2008 the Claiborne Avenue property was carried on the assessment rolls for Orleans Parish in the name of, “Gen Longshore Workers Assn.” We know of no authority whereby assessment rolls may supersede a United States District Court order and what is shown on the parish conveyance records. The assessment record is not a muniment of title under the public records doctrine of the State of Louisiana. It is not evidence of title in the face of the authentic transfers on the public record and court documents relied upon by the defendants. The assessment record creates no genuine issue of material fact. Additionally, the assessment record refers to an association, not a corporation.
 

 Exhibit 3 annexed to the plaintiffs opposition to the motion for summary judgment is a copy of a contract recorded in the mortgage records of the Parish of Orleans concerning the construction of a headquarters building for “General Longshore Workers International Longshoremen’s Association, Local No. 1419.” There is no reference to the plaintiff, GLW, anywhere in the document. Nor is it in any way part of a chain of title to the property. If it has any bearing on the title at all, which we do not find that it does, its reference to “Local No. 1419” supports the defendant’s, Local 8000’s, claim to the property as the successor in interest to Local 1419 as designated by the United States District Court Order of Merger.
 

 The defendants have shown that there is an absence of factual support of one or more elements of the claim. Therefore, as the plaintiff will bear the burden of proof at trial, the burden shifts to the plaintiff to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at 19trial. The mere conclusory allegations offered by the plaintiffs are insufficient to bear this burden. The plaintiff has failed to establish the existence of any genuine issues of material fact.
 

 For the foregoing reasons, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . Mr. Comeaux was dismissed by judgment from these proceedings as a party plaintiff on an exception of no right of action.
 

 [2]
 

 2. It appears that the plaintiffs are not alleging that Mr. Dennis is a party to this litigation; rather they are alleging that he appeared on behalf of the GLW in the 1948 act of sale in
 
 *606
 
 spite of the recitations in said act of sale that he was appearing as a representative of Local 1419 and GLW is mentioned nowhere in the act.
 

 [3]
 

 . The merger was ordered by the court in order to eliminate certain racial disparities that existed between Local 1418 and Local 1419.
 

 [4]
 

 . For an excellent discussion of this issue see
 
 Mitchell v. Clark,
 
 431 So.2d 817 (La.App. 2 Cir.1983).
 

 [5]
 

 5. Emphasis added.
 

 [6]
 

 6. On numerous occasion, the plaintiffs lament the demolition of an allegedly historic building that once occupied the site in dispute, but the demolition forms no part of this appeal.