WESTERN DIST.
October, 1831.

BACH
vs.
HALL.

**BACH vs. HALL.**

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

If a party is required to answer interrogatories, and state whether he had not contracted to sell the property claimed, to the defendant, and he answers in the negative, his answers cannot be disregarded; unless the facts disclosed in them, show there was such a contract as the defendant alleged.

When the plaintiff is interrogated to declare whether certain slaves claimed by him, had not been sold by him to the defendant, and he denies it, his answers cannot be allowed to be disproved by witnesses: it would be establishing the sale by parole testimony, which is prohibited by the code.

This suit is brought for the recovery of three negroes, which the plaintiff alleges he purchased at sheriff's sale, but were taken into possession and detained by the defendant, who refuses to deliver them up. He prays for the delivery of the slaves and fifty dollars for their hire.

At October term, 1829, the death of the defendant was suggested and the suit revived against C. Mulholland, his executor.

The executor pleads a general denial : and averred that the plaintiff sold the negroes to Hall, and received one bale of cotton in payment, and that he, as executor, is ready to pay the balance whenever it may be demanded.

The executor propounded interrogatories to the plaintiff requiring him to explain and to state if he did not sell the slaves to Hall, &c. His answers are stated in the opinion of the court. The defendant excepted peremptorily to the action, that it is a possessory one, and according to the plaintiff's admissions, the defendant has been in possession of the negroes for more than twelve months prior to the commencement of this suit.

The plaintiff replied that it was a petitory action, and that the title is directly at issue.

There was a verdict and judgment for the plaintiff, &c. The plaintiff produced the sale and deed of the sheriff to him,

of the negroes for forty-five dollars.   His answer to inter-   WESTERN DIST.
rogatories explained the defendant's possession.                October, 1831.

     The defendant offered parole evidence to contradict the       BACH
plaintiff's answers to interrogatories, which was objected and      vs.
                                                                   HALL.
excepted to on the ground that it went to prove a title to the
slaves by parole.


*Flint*, for the plaintiff.

1. In this case the plaintiff has been interrogated on oath
to make out a sale and title to slaves or immoveable property
by his confessions.

2. He denies the sale or alienation, and parole testimony
cannot be administered, or admitted to contradict his answer,
and make out the sale and title to the property in dispute.


*Barry*, for defendant.

1. The plaintiff's answers to the interrogatories propounded,
makes a sale.   He confesses the price, the thing and consent
given.   The time for payment is the "*terme de payement*,"
which does not refer to the essence of the contract.   It differs
from a condition in this: The purchaser in the former is
debtor from the date of the contract; in the latter not until
the happening of the condition.   *Louisiana Code, article* 2414.

2. He makes a sale clearly the "*le pacte commissoir*."   The
Roman law resolved this contract, *ipso facto*, by non-payment,
at the time agreed on.   The French jurisprudence requires
the sale to be rescinded before the vendor can recover.
*Pothier Contrat de Vente, numbers* 458–9.   *Louisiana Code,
articles* 1907–8.

3. The plaintiff confesses the delivery to defendant three
years ago.   The confession of sale and delivery of the slaves
is good against the vendor.   *Louisiana Code, article* 2255.


*Winn*, on the same side.

1. The court *a quo* improperly rejected parole evidence to
disprove the plaintiff's answers to interrogatories.   If the
plaintiff has sworn falsely, and the defendant can prove it by

two witnesses the answers are disproved and the interroga-
tories should be taken *pro confesso*.

2. False answers should be taken and held for nought. If
the plaintiff had not answered, it is clear the interrogatories
would be taken as confessed—*a fortiori* if his answers are
false and can be so shown by legal proof.

*Porter, J.* delivered the opinion of the court.

The plaintiff claims three slaves which he avers are his
property, and alleges that the defendant has got them into
his possession, and refuses to deliver them up. The answer
is composed of a general denial, and an averment that the
plaintiff sold and delivered to the defendant's testator in his
life time, the property mentioned in the petition ; and further,
that the plaintiff received one bale of cotton in part payment
of the purchase money. The cause was submitted to a jury,
who found a verdict in favor of the petitioner for the slaves,
and in favor of the defendant for the value of the bale of
cotton. There was judgment accordingly, notwithstanding
an attempt to obtain a new trial, and the defendant appealed.

The following interrogatories were submitted to the
plaintiff:

1. Did you not sell the slaves mentioned in your petition,
to John Hall, and give him possession of the same ? 2. Did
he not give you one bale of cotton in part payment of the
price of them ? Did you not leave these matters once to
arbitration : who were the arbitrators ?

The plaintiff answered to the first, "that he did not sell to
John Hall the slaves Peter, Mary, and her child ; but that
three years ago the said Hall wishing to buy of him the
said slaves, and alleging that he could, at the expiration
of the first of the above three mentioned years, pay the price
demanded for them ; it was agreed between the parties,
that the said slaves, though owned by plaintiff, should remain
in possession, and at the service of John Hall until the expi-
ration of the year aforesaid ; and should then the said Hall
pay the price agreed upon for the said slaves, that the said
Bach should divest himself of his title to the said slaves, and

sell them to said Hall. At the expiration of the said year could not or would not pay as agreed upon; and no sale of the slaves took place."

To the second interrogatory, he answered "that the bale of cotton was given to deponent in part payment of the hire of said slaves, should not the sale of them take place at the time agreed upon for the purchase and payment of the said slaves, should the said Hall pay for and purchase the said slaves at the period agreed on, and fixed by the petitioner."

To the third, he answered "that these matters were left to the arbitration of James D. Spurlock and John D. Pryor, and that the defendant never did comply with the award given."

It has been contended on the part of the appellant that the court, not the plaintiff, are to judge whether there was a sale or not, and that therefore that part of the answer which denies there was a sale, must be disregarded. This is true, if the circumstances declared show that there was in fact such a contract. But the evidence proves that no sale took place. The plaintiff denies it, and states facts going clearly to establish, not an absolute sale, but a promise to sell, on condition the deceased paid the price at a certain time. He accounts for the possession, by swearing that the slaves were placed with the testator on hire, in case he should not be able to purchase them.

The defendant attempted to disprove the truth of these answers to the interrogatories, and the refusal of the court to permit him to do so, forms the ground of a bill of exceptions, which appears on record. We think the judge did not err. The law declares the verbal sale of slaves to be void, unless acknowledged by the vendor in his answer to interrogatories; and in addition requires the sale should have been accompanied by delivery. In this case the person alleged to have sold, does not confess, but on the contrary, denies he made such a contract. To permit the answer to be disproved by two witnesses, would be establishing the sale by parole evidence, for without the testimony of these witnesses, no sale could be shown. If the principle contended for were sound, the prohibition in the code would be a dead letter. It could

*If a party is required to answer interrogatories, and state whether he had not contracted to sell the property claimed to the defendant, and he answers in the negative, his answers cannot be disregarded; unless the facts disclosed in them, show there was such a contract as the defendant alleged.*

*When the plaintiff is interrogated to declare whether certain slaves claimed by him, had not been sold by him to the defendant, and he denies it, his answers cannot be allowed to be disproved by witnesses: it would be establishing the sale by parole testimony, which is prohibited by the code.*

be evaded in every case by putting interrogatories, and when they were negatived, verbal proof which the law for purposes of policy has excluded, would come in. A construction leading to such consequences cannot be adopted. It would be permitting that to be done indirectly, which the law would not permit to be done directly. If the plaintiff has not sworn the truth, the courts of criminal jurisdiction are open for his prosecution and punishment. But whether he has or not, the rules in relation to this contract have been too rigidly fixed by the legislature to permit any infringement of them in settling the civil rights of the parties.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be affirmed, with costs.