———————o———————

## No. 5606.

## EMILE B. LARIDO vs. ROBERT J. PERKINS.

### Syllabus.

1. Plaintiff's answer to interrogatories as to the verbal sale of an immovable propounded to him under *Art.* 2275, *R. C. C.*, being adverse to defendant's claim, it follows that the latter has not and has never had any title to the property.

2. Being without title, defendant was not a *bona fide* possessor and he must return the fruits to the owner who claims them.

3. The plaintiff, having elected not to retain the improvements, cannot be held for their value, but he must refund the taxes paid by the possessor.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1222.

R. J. Perkins, Jas. Wilkinson, for defendant and appellant.

A. B. Leopold, E. H. McCaleb, for plaintiff and appellee.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

This is a petitory action brought by plaintiff in his own behalf and as natural tutor of his minor children to recover certain real estate in the possession of defendant, as

well as the rents and revenues thereof from 1904 to the time of judgment. The petition further asks that an agreement of sale as to that property be rescinded for non-payment of the price.

The defense is that in January, 1904, the plaintiff verbally sold defendant the entire property for the sum of $125, that upon the subsequent discovery that it was community property and to save costs plaintiff allowed defendant to hold his interest until his children grew up and could convey a complete title thereto.

The answer further claims that defendant improved the property and asks that plaintiff be ordered to make him a title of his interest to the same and to reimburse him half the taxes and the value of the improvements.

The defendant complains that the pleadings are inconsistent; they are in the alternative. The plaintiff says that there was an agreement of sale, not a sale, which was abandoned by the defendant and asks that the same be judicially cancelled for non-payment of price.

The defendant propounded to the plaintiff interrogatories on facts and articles to be answered under oath.

The answers are substantially that the plaintiff did not sell but agreed to sell the property for $125 cash. He gave defendant the title deed but the latter refused to accept title or to carry out the promise of sale, and made no tender of money until after this suit was filed, when he tendered $62.50 which was refused. The plaintiff did not tell Perkins to enter into possession of the property or request him to pay the taxes. When Perkins discovered that Larido did not own the whole of the property, but only half of it in his own right, he refused to take title and to pay.

The last interrogatory is answered as follows:

.... "I did not allow Perkins to possess himself of this property for so many years and to make improve-

ments upon it without objection. I was away from Jefferson Parish most of the time. When I agreed to sell the property to Perkins in 1904 and notwithstanding he rejected the title and refused to pay anything or carry out any agreement, he made improvements. The reason why he has held adverse possession during these years is because I had no means or money to enforce my rights, which meant a law suit as Perkins persisted in refusing to give me possession which would have required a law suit."

Plaintiff's answers to the interrogatories being adverse to defendant's claim, the latter had not and never has had any title to the property, R. C. C., 2240-2275: Being without title, he was not a **bona fide** possessor and he must return the fruits to the owner who claims them. R. C. C., 502-503.

The plaintiff elected not to retain the improvements and cannot be held for their value, but he must refund the taxes paid. R. C. C.. 508-2214.

The plaintiff claimed $650 for the revenue of the property from the time that defendant took possession of it, April, 1904, to October 1910, the Judge allowed $325. Considering that defendant testifies that when he rented the place it was for $10 per month and that "as a rental proposition" it was worth that amount, we are not prepared to question an allowance of $325 for the revenues for six and a half years, or to consider that the plaintiff is enriching himself at defendant's expense.

Judgment affirmed.

Opinion and decree, June 24th, 1912.

Rehearing refused November 11th, 1912.

Writ granted. (132 La., 660.)

Note by Reporter:—(The original of the foregoing opinion is not in the Clerk's office. The above opinion is

a verbatim copy of the opinion which the Clerk of Court sent to the lower Court as a true copy of the original opinion).

---o------