HAWTHORNE, Justice.
 

 Plaintiff, Anthony W. Cernich, instituted this suit against his sister, Miss Hilda Louise Cernich, praying that she be ordered to execute a formal act of sale to petitioner of certain real estate, situated in the Third District of the City of New •Orleans, within a delay to be fixed by the court, and that, in the event the defendant did not execute the formal act of sale within such delay, he be recognized as the true and lawful owner of said property and entitled to the full and undisturbed possession thereof, and, further, praying for judgment condemning the defendant to pay unto him the sum of $5000 for injuries he allegedly suffered from the slander of title occasioned by the defendant’s claim of ownership of the property.
 

 Plaintiff alleged that he was the true and lawful owner of the property, and that the title thereto had been placed in the name of his sister, defendant herein, for convenience only, said property having been bought for his account; that he had paid the original purchase price and since that time had paid the homestead payments on the credit portion of the purchase price as well as all taxes and other costs for the maintenance and upkeep of said property. His petition disclosed that title to this property was placed in the name of his sister by authentic acts of sale, all duly recorded in the conveyance records for the Parish of Orleans, and that she had refused, despite his request, to execute a counter letter showing that he was the true and lawful owner- of the property or to transfer the title and convey the property to him by an act of sale.
 

 Plaintiff, with the approval of the court, filed a supplemental petition by which he propounded interrogatories on facts and articles to be answered by the defendant in writing under oath and categorically. The defendant answered these interrogatories,
 
 *426
 
 denying that the plaintiff had any ownership or interest in the real estate involved in this suit, denying that title to these properties was placed in her name for convenience only, and averring that she herself had paid for said properties with her own funds.
 

 The lower court sustained an exception of no right or cause of action filed by the defendant and dismissed plaintiff’s suit at his costs. From this judgment plaintiff has appealed.
 

 The judgment of the district court sustaining the exception filed in this case is correct, and the cases of Ceromi v. Harris, 187 La. 701, 175 So. 462, and Scurto v. Le Blanc, 191 La. 136, 184 So. 567, together with the authorities given in these two cases, are decisive of the issues involved herein.
 

 In Scurto v. Le Blanc, this court pointed out that it is the general rule of our jurisprudence that the validity and reality of authentic sales of immovable property can be assailed in only two ways— first, by means of a counter letter, and, second, by the answers of the other party to interrogatories on. facts and articles which stand in lieu of, and are equivalent to, a counter letter — ■, and that this rule finds its only relaxation where the owner of real estate is influenced by fraud or error to rest his title in another.
 

 Plaintiff’s petition in this case having disclosed that the title to the immovable property involved was acquired by his sister from third parties and was vested in her by authentic acts of sale, and interrogatories on facts and articles having been propounded to her to supply the place of a counter letter, and she having answered that the plaintiff had no ownership or interest in the real estate and that title to these properties was not placed in her name for convenience only and that she herself had paid for said properties with her own funds, these answers are not subject to contradiction, form a part of the pleadings, and are destructive of plaintiff’s cause of action.
 

 In Fontenot v. Ludeau et al., 191 La. 540, 186 So. 21, 24, this court said:
 

 . “ * * * Article 2275 of the Civil Code provides that a verbal transfer of immovable property may be established by the method of propounding interrogatories on facts and articles to the party holding the written title. In such a case the answers to the interrogatories become a part of the pleadings and put an end to the case, one way or the other, for the simple reason that the party claiming a verbal title has no written evidence of his title, and parol evidence is not admissible.”
 

 In Harvey v. Richard et al., 200 La. 97, 7 So.2d 674, 677, we find the following expression :
 

 “ * * * ‘It is axiomatic under the law- and jurisprudence of this state that parol evidence is inadmissible to create a title
 
 *428
 
 in one who never owned the property * * * ’ (Ceromi v. Harris, 187 La. 701, 175 So. 462, 464, and the authorities there-' in cited), except where the record owner confesses when interrogated under oath ‘that the property belongs to the claimant, and, in those instances, only when actual delivery of the property has been made to the claimant. Articles 2275, etc., of the Revised Civil Code. See, also, Bach v. Hall, 3 La. 116; Hagen v. Hart, 6 Rob. 427; Bauduc v. Conrey, 10 Rob. 466; Marionneaux v. Edwards, 4 La.Ann. 103; Heiss v. Cronan, 12 La.Ann. 213; Wright-Blodgett Co. v. Elms, 106 La. 150, 30 So. 311; Ruth v. Buwe, 185 La. 204,
 
 168 So.
 
 776; 2 L.L.R. 387; and 3 L.L.R. 427.”
 

 In brief filed in this court, plaintiff asks that we reverse the judgment of the lower court and remand this case for further proceedings so that he can show that the answers to the interrogatories propounded by him to the defendant were evasive and false, which he proposes to do by supplemental interrogatories or by such witnesses and corroborating circumstances as may be necessary to overcome defendant’s answers.
 

 It would be futile to reverse the judgment rendered herein and remand the case for the purpose requested by plaintiff, because, as we have pointed out herein-above, the answers of the defendant to the interrogatories on facts and articles are not subject to contradiction under the allegations of the petition, and also because parol evidence is inadmissible to create title in the plaintiff under the alleged facts in this case.
 

 For the reasons assigned, the judgment appealed from is affirmed; plaintiff-appellant to pay all costs of these proceedings.