ELLIS, Judge.
This suit was brought for the purpose of setting aside and annulling a deed. From the judgment of dismissal the plaintiffs have appealed.
Alice Parker Cousin and Clarence Parker, the plaintiffs, alleged they are the heirs of an undivided interest in all of the property belonging to the succession of Sophie Gaines. The petitioners, together with three other children of Sophie Gaines, on May 25, 1955, executed a deed to Lillian Parker Alexander and her husband, Eddie Alexander, who are made defendants.
The main grounds alleged for the annulment of the deed is that the vendors, the two original plaintiffs herein, received no consideration for their interest in the property, and that the signatures of the original plaintiffs were obtained through fraud and misrepresentation upon the part of the defendants.
The defendants filed an exception of non-joinder of parties plaintiff, maintaining that since there were five vendors, and the prayer of the petition was to have the deed set aside in its entirety, the other three vendors were necessary parties. In response to this exception the plaintiffs amended their petition restricting the requested relief to “insofar as petitioners are concerned.”
Also filed were an exception of no cause of action, a plea of judicial and equitable estoppel and alternatively, an exception of vagueness, based upon the ground that although it was alleged in the petition that the signatures of the original plaintiffs to the deed were obtained through fraud and misrepresentation, no specific acts of such were set forth.
Later, through motion, six other persons were joined as parties plaintiff upon an ex parte allegation that they were the *586 sole heirs of Alice Parker Cousin, who had died since the suit was filed.
In answer to this motion the defendants filed an exception of no right of action upon the basis that Alice Parker Cousin actually received a cash consideration for signing the deed attacked and that her heirs were thereby bound.
All of these exceptions were referred to the merits and subsequently an answer was filed in which it was denied that there was no consideration for the sale and that the signatures were obtained through any misrepresentation or fraud.
The case was tried and the lower court, with written reasons, dismissed plaintiffs’ suit.
The appellants have raised, for the first time in their brief to this court, the question of “lesion beyond moiety”. They maintain that the allegation in the petition of “no consideration” is inclusive of the term “lack of sufficient consideration” and that this interpretation should support a plea of “lesion beyond moiety.” The ap-pellees urge that the allegation of “no consideration” and “lack of sufficient consideration” are mutually exclusive. There was no alternative plea made of “lack of sufficient consideration” setting forth the elements of a demand for rescission by “lesion beyond moiety” under LSA-C.C. Arts. 2589-2600. This issue was not raised by the pleadings nor was it passed upon by the trial court, and therefore it cannot be considered here for the first time. See Novick v. Miller, 222 La. 469, 62 So.2d 645.
Article III of the petition declared that the deed sought to be canceled and annulled was recorded on June 24, 1955, in COB 231, page 188 of the records of St. Tammany Parish, captioned “Sale of Property by Louise Parker et al. to Lillian Parker, Alexander and Eddie Alexander” and purported to convey the interests of each of petitioners and of George Parker, Jr., Louise Parker, Mose Parker in and to property described in Article 2 of the petition which constituted a full and complete description of the act of sale in question, and the answer admits the allegations of Article III of the original petition except for the use of the words “purports to convey” instead of “does convey”.[1]
An exception of vagueness was filed upon the ground no specific acts or words of fraud or misrepresentation were set forth in the petition, which merely stated the defendants were guilty of fraud and misrepresentation in obtaining the plaintiffs’ signatures to the deed. This exception was referred to the merits. The petition was never supplemented or amended. When evidence was sought to be introduced as to fraud and misrepresentation an objection was made to such evidence, but the lower court permitted it to go into the record. All of the facts concerning any fraud or misrepresentation upon the part of the defendants were introduced in evidence and the lower court concluded there was no fraud and no misrepresentation. A portion of the written reasons for judgment contained the following:
“It will be noted that the petitioners allege that their signatures to the deed were obtained through fraud and misrepresentation on the part of the defendants; no allegation of fact constituting fraud or misrepresentation on the part of the defendants is alleged, it is merely stated in the petition that they were guilty of fraud and misrepresentation in obtaining the plaintiff’s signatures to the deed, and most assuredly, this is nothing more than a conclusion of the pleader. A conclusion of the pleader, unsupported by facts, does *587 not set forth a cause of action. In re: Phoenix Bldg. & Homestead Ass’n, 203 La. 565, 14 So.2d 447. Since I referred the exceptions to the merits defendants objected to the testimony as to fraud and misrepresentation, and even though I permitted it to go into the record, I was in error in this respect, for said testimony as to fraud and misrepresentation was not admissible under the pleadings. Even though it could be said. that the testimony was admissible, I am satisfied from a careful reading of the record that had fraud and misrepresentation been set forth with adequate facts, that the proof in this record does not substantiate any fraud or misrepresentation. What actually transpired herein was that all of the children of Sophie Gaines, being majors, decided to divided up the property of their mother by each one giving a portion of the land to the other. I am satisfied that all of them understood the situation, and even though the transfer has not been made to the other heirs, the promise and willingness to make the transfer by Lillian Parker Alexander constituted an adequate consideration for the deed from the other heirs to her.
“ * * * j am satisfied from the record that the true consideration for this sale was Lillian Parker Alexander’s willingness to relinquish her rights to the remainder of the tract in favor of the other co-heirs, including the present plaintiffs. It seems strange that the defendants would have moved into the old house approximately thirty years ago and placed extensive improvements on the property or more than $6000.00 unless the agreement had been made that that was what they were to get from the other children as a result of the exchange of the Succession Property of Sophie Gaines. There is no doubt in my mind that each of the heirs decided just what part of the property they were to get, and the deed of May 25, 1955, from the other heirs to the present defendants was simply carrying out an agreement to partition the property.
“ * * * due to the fact that the record in its present condition convinces me there was no fraud and misrepresentation and that there was adequate consideration for the deed, * * the plaintiffs’ suit will be dismissed at their costs.”
As stated by the District Judge, the exception of vagueness should have been sustained and the plaintiffs ordered to amend their petition to show the specific acts upon which their charge of fraud and misrepresentation was based, yet all of the evidence is in the record upon this point and we can therefore decide this case upon its merits.
The true consideration in the case at bar was $200 paid to Alice Parker Cousin, mother of the six substituted plaintiffs, and the promise and willingness of Lillian Parker Alexander to relinquish to her coheirs her interest in the remainder of the 10-acre tract. The trial court concluded this agreement and willingness upon the part of Lillian Parker Alexander was the true consideration for the sale and a careful examination of the record leads us to the same conclusion. If there is a consideration for a sale such is sufficient to maintain the deed, even though the consideration stated therein is not the true one if there be a consideration agreed upon. See White v. White, La.App., 7 So.2d 255. Also Citizens Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822.
The record discloses, and the trial judge concluded, that all of the heirs of Sophie Gaines, all at the time being majors, decided to partition the property of their mother and all of them understood the situation thoroughly. While Lillian Parker Alexander has not made a transfer to the other heirs she declared under oath that *588 she had promised to do this and that sihe was willing to make this transfer.
Either Lillian Parker Alexander will willingly execute a deed to her coheirs conveying to them all of her undivided right, title and interest in and to the remainder of the tract or these coheirs have an enforceable legal remedy against her to compel the execution of such a deed. Her testimony under oath, together with possession of the property in her coheirs, satisfies the requirements of LSA-Civil Code Articles 2275 and 2276.
Judgment affirmed.

. The description of the deed as set forth in said Paragraph III is correct and can be so determined since the deed is now in the record, having been filed in connection with a motion for a new trial. This being so, in admitting article III the defendants relieved the plaintiffs of the necessity of introducing the deed itself. No proof of an admitted fact is required.