122 So.2d 829 (1960)
Maggie PERRY
v.
Josh and Elnora PERRY.
No. 5079.
Court of Appeal of Louisiana, First Circuit.
June 29, 1960.
Rehearing Denied September 23, 1960.
*830 Mary Purser, Amite, for appellant.
Edward B. Dufreche, Ponchatoula, for appellee.
Before ELLIS, LOTTINGER and LANDRY, JJ.
LANDRY, Judge ad hoc.
The only substantial issue presented by this appeal concerns the admissibility of parol evidence to establish an alleged verbal contract or agreement to convey immovable property.
Alleging that she was the owner of the hereinafter described real property situated in Tangipahoa Parish, Louisiana, plaintiff, Maggie Perry, initiated this litigation seeking eviction of defendants, Josh and Elnora Perry, from a residence situated thereon because of their purported failure to pay rent due thereon as tenants. The prayer of the original petition requests that defendants be ordered to show cause why they should not be ordered to vacate the premises in question elsewhere described in the petition as follows:
1. Lots Four and Five (4 & 5) Section 54, Township 4 South Range 7 East.
2. In Section 9 Township 4 South Range 7 East, more particularly described as beginning at the Northwest corner of HR 54, which is also the Southwest corner of this tract, known as Louis Butler tract, run thence East a distance of 596 feet; thence North 20 feet to the extension of Gullett Road; thence along the South line of said Gullett Road a distance of 601 feet, more or less; thence South 207 feet to the point of beginning; less One (1) acre previously sold.
Exceptions of no cause and no right of action were filed by defendants wherein they denied occupying the premises as tenants, denied an agreement to pay rent for the property and set forth that the dwelling, from which plaintiff sought to evict them, together with one acre of land surrounding same had been promised and offered to them by plaintiff and plaintiff's now deceased husband, Andrew Perry (brother of defendant Josh Perry) in consideration of defendant's promise to care for plaintiff's invalid brother-in-law Charlie Perry. Exceptors further alleged that Andrew Perry died before the transfer of the one acre plot could be consummated and following his death, plaintiff has consistently refused to convey the property to defendants notwithstanding defendants are still caring for plaintiff's brother-in-law, Charlie Perry.
Subsequent to the filing of the aforementioned exceptions, plaintiff filed a supplemental and amended petition in which she reiterated her claim of ownership to subject property by virtue of a judgment of possession rendered in the succession of her deceased husband. Further alleging defendants were in possession of the property without right or title and refused to deliver possession thereof to her without lawful cause, plaintiff prayed that she be recognized as lawful owner of the land, entitled, as such, to full possession thereof and ordering defendants to deliver possession to her.
Defendants then answered the original and supplemental petitions setting out in detail the chronology of events (which it is unnecessary to detail here) allegedly *831 preceding the promise of plaintiff and her husband to convey the property. The answer reasserts defendants' claim of ownership and prays that defendants be recognized and decreed owners of the house and one acre of land surrounding same.
During the course of the trial in the court below, defendants attempted to introduce parol evidence to prove the verbal promise and agreement of plaintiff and Andrew Perry to convey the property to defendants. Counsel for plaintiff objected to the introduction of the evidence on the ground parol evidence is not admissible to establish title to immovable property or to prove a contract or agreement to sell realty. The trial court sustained the objection but permitted the introduction of the evidence subject to plaintiff's objection.
In oral reasons for judgment dictated into the transcript and appearing of record herein, our brother below held that neither title to real property nor an agreement to convey such property may be established by parol testimony. He further concluded that since plaintiff had entered timely objection to such evidence he could not consider the testimony in disposing of defendants' claim of ownership and neither could it serve as the basis for defendants' alleged right to specific performance of the contract to convey. Predicated upon the authority contained in Article 2275 of our LSA-Civil Code, the learned trial judge held that for defendants to prevail they must either produce written evidence of the agreement to transfer the property or secure the admission of plaintiff under oath that the agreement was in fact entered into. Finding that defendants failed in both respects (the evidence showing that on cross examination plaintiff expressly denied the alleged agreement), the trial court rendered judgment in favor of plaintiff recognizing plaintiff as owner of subject property and ordering defendants to deliver possession thereof to her. From the adverse judgment defendants have taken this appeal.
The exceptions of no right and no cause of action filed on behalf of defendants were not passed upon by the trial court and for that reason cannot be considered by this court.
Defendants' entire case is founded on the alleged verbal promise and agreement of plaintiff and her late husband to transfer one acre of land to defendants in exchange for defendants' promise to assume responsibility for the care of plaintiff's brother-in-law, Charlie Perry. Defendants argue that such promise on the part of plaintiff and her husband is in effect a contract to execute an onerous or remunerative donation. Defendants further contend that upon performance of the obligation undertaken by them the contract became binding upon plaintiff and the right to demand specific performance vested in defendants.
Article 2275 of our LSA-Civil Code and the jurisprudence evolved in its interpretation appears to be decisive of the issue presented. The article reads in full as follows:
"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."
In conformity with the above mentioned codal authority it is now the well settled law of this state that sales of immovable property must be in writing and no verbal sale or other disposition of immovable property shall be valid against an alleged vendor unless the vendor admits the sale or disposition when interrogated under oath, provided also actual delivery of the immovable sold has been made. Halsmith v. Castay, 17 La.Ann. 140; Oeschner v. Kelly, 134 La. 1098, 64 So. 921; Harvey v. Richard, 200 La. 97, 7 So. 2d 674; Cernich v. Cernich, 210 La. 421, *832 27 So.2d 266; Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680.
The jurisprudence of this state also holds that when an alleged vendee under a verbal sale propounds interrogatories to his vendor who answers and denies the sale, such denial is conclusive and final and may not be traversed or contradicted. Bach v. Hall, 3 La. 116; Cernich v. Cernich, 210 La. 421, 27 So.2d 266.
The foregoing rules have been held to be applicable to a suit for specific performance of a verbal agreement to sell, convey or transfer real property. Hoover v. Miller, 6 La.Ann. 204; Larido v. Perkins, 132 La. 660, 61 So. 728; Rubenstein v. Files, 146 La. 727, 84 So. 33.
Sexton v. Waggoner, La.App., 66 So.2d 634 cited and relied upon by counsel for defendants is clearly inapposite to the case at bar considering that it involved a situation in which the alleged vendor, in response to interrogatories propounded, confessed and admitted having verbally agreed to sell. In the case before us not only is the record devoid of such confession and admission on the part of plaintiff but also it contains a positive denial of such agreement on the part of the alleged vendor under oath on cross examination.
In oral argument learned counsel for defendants directed our attention to the recent decision of this court in Cousin v. Alexander, 119 So.2d 584, in which an attempt was made to annul a deed previously executed. The Cousin case is not authority for the proposition that a contract to convey immovables may be established by parol testimony. We held in that case only that acknowledgment by a co-owner, under oath, of a parol agreement to transfer her undivided interest in a tract of land to her remaining co-owners to effect a partition of the property held in common, may be shown by parol evidence to be the true consideration of a deed wherein the remaining co-owners transferred to her their respective undivided interests in a particular portion of the common property in furtherance of the agreed partition. In the instant case we are not concerned with an actual transfer the true consideration of which is sought to be proven, but rather with a demand for specific performance of a verbal contract to convey immovables.
The final contention of counsel for defendants is that the trial court erred in rejecting parol evidence of statements allegedly made by plaintiff's husband, Andrew Perry, before his death to defendants and other persons which declarations defendants contend would have established the verbal agreement to convey the property. In this regard, counsel argues that the declarations in question being declarations of a deceased person against his interest were admissible in evidence although such testimony is admittedly proof of the weakest type. We concede that declarations against interest by a person since deceased are admissible in suits against his heirs or persons claiming through him but such rule does not obtain with respect to suits for specific performance of contracts to sell immovables. No case so holding has been brought to our attention by learned counsel for defendants and our own research upon the point does not disclose the existence of such precedent. Verbal contracts of the nature herein asserted by defendants are controlled by the express provisions of Article 2275 of our LSA-Civil Code which specifically states such agreements may be enforced only when the vendor acknowledges its existence under oath. In the absence of such acknowledgment parol testimony may not be received to prove that such an agreement was, in fact, entered into.
It follows that the trial court properly disposed of the issues presented.
For the reasons hereinabove assigned, the judgment of the trial court is affirmed at appellants' costs and judgment rendered herein recognizing plaintiff Maggie Perry as owner, and ordering and commanding *833 defendants Josh and Elnora Perry to deliver to said Maggie Perry, as owner, possession of the following described immovable property situated in Tangipahoa Parish, Louisiana, to-wit:
1. Lots Four and Five (4 & 5), Section 54, Township 4 South Range 7 East.
2. In Section 9 Township 4 South 7 East, more particularly described as beginning at the Northwest corner of HR 54, which is also the Southwest corner of this tract, known as Louis Butler tract, run thence East a distance of 596 feet; thence North 20 feet to the extension of Gullett Road; thence along the South line of said Gullett Road a distance of 601 feet, more or less; thence South 207 feet to the point of beginning; less One (1) acre previously sold.
Affirmed.