HEARD, Judge.
This suit was instituted by Herbert Jacobs to nullify a sale and have declared a simulation a deed from Herbert Jacobs to Mrs. Blanchie Jacobs Sikes to property described as:
The Southeast Quarter (SE (4) of the Southwest Quarter (SW (4) of Section Thirty-Two (32), Township Fifteen North (1SN) Range Four West, (R4W), containing forty (40) acres' more or less, together with all of the improvements thereon and appurtenances thereunto located in Bienville Parish, Louisiana.
Herbert Jacobs died shortly after the suit was filed and his wife, Josephine Jacobs, was properly substituted as party-plaintiff in his place.
It is alleged by plaintiff that on October 6, 1964 he executed a cash sale by which he purportedly conveyed the above described property to his sister, Mrs. Blanchie Jacobs Sikes, and that no consideration whatsoever was paid by Mrs. *113 Blanchie Jacobs Sikes, and that he did not intend the sale to convey the title of the property unto the defendant, but placed the property in her name merely as a convenience. He alleged further that at at the time of the transaction defendant agreed to deed the property hack to him whenever he so desired. He further alleges that the transaction was purely and simply a simulated sale with plaintiff remaining in possession, and that despite numerous demands defendant has failed and refused to convey the property back to plaintiff, and urges that the simulated sale be cancelled and erased from the records of Bienville Parish.
In her answer defendant admits that a cash sale deed was executed by Herbert Jacobs on the 6th of October, 1964; otherwise she denies the allegations in plaintiff’s petition and alleges plaintiff deeded the property to her for paying a debt of plaintiff in the amount of approximately $2,000. Defendant further alleges that she is entitled to attorney’s fees in the amount of $750 to defend her rights in the case. From a judgment denying the demands of plaintiff, plaintiff perfected a devolutive appeal.
The record reflects that Jacobs and his wife, Josephine Jacobs lived on the property in Bienville Parish, Louisiana. His sister, Mrs. Blanchie Jacobs Sikes, was a resident of California. On October 6, 1964 Herbert Jacobs, without informing his sister that he was going to do so, executed a cash sale conveying the property to his sister, Mrs. Blanchie Jacobs Sikes, reciting a cash consideration of $400. Shortly thereafter Herbert Jacobs wrote his sister advising what he had done, and on Oct. 27, 1964 she answered his letter, stating that whenever Jacobs was ready for the property to be deeded back to him, for him to send her the papers and she would sign them back, either to Herbert or to his wife, Josie, whichever way they desired. In July, 1965 Herbert Jacobs requested his sister to deed the property back to him. By letter dated September 1, 1965 defendant advised her brother that she had received a copy of a deed from his lawyer deeding the property back to him, and stated that she was thinking it over. On January 25, 1966 plaintiff’s lawyer advised Mrs. Sikes that unless she deeded the property back he would institute suit to have the property returned to Herbert Jacobs. Mrs. Sikes testified that after the letter of September 1, 1965 that her brother telephoned and requested the property be deeded back and she refused to do so because he had not given her the tax money she had paid on the property. She testified further that on a later occasion she advised her brother she would not deed the property back to him unless he deeded to her and her sisters and brothers a tract of land of 72 acres which he had allegedly obtained prior to the confection of the deed in question. Mrs. Sikes further testified that her brother advised her in 1966 that the Jackson Parish Bank held a note signed by him secured by a mortgage on the property; that he was unable to pay it and that if she would pay the mortgage she could have the property. Eventually the note was sued on by the Jackson Parish Bank and judgment obtained against Herbert Jacobs recognizing the mortgage. On April 5, 1967 Mrs. Sikes paid off the judgment to the bank in the amount of $1,994.25. She readily admitted on the stand that the transfer from Herbert Jacobs to her was for his convenience only; that she paid none of the consideration recited in the deed and that at the time she paid the judgment she was advised by her lawyer that her brother was claiming the property and would possibly have a right to institute a suit for its return. Mrs. Josephine Jacobs testified that although she did not know any of the details that transpired between her husband and sister relative to the property, that her husband had repeatedly asked his sister to return the property to him which she refused to do and that he stopped paying on the note at the Jackson Parish Bank when his sister refused to reconvey the property to him.
The trial court found that the English statute of frauds or Louisiana’s equivalent *114 thereof, prevented the recovery of the property because of no counter-letter or writing to controvert the deed. The court also held that the payment of the foreclosure judgment subrogated Mrs. Blanchie Jacobs Sikes to Herbert Jacobs’ rights to the property. The trial court further relied on equity as expressed by Article 1965 of the Civil Code.
Article 2236 of the Civil Code provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
Article 2236 is modified by Article 2239 which provides that counter-letters can have no effect against creditors or bona fide purchasers but are valid as to all others. (LSA-R.S. 9:2721 requires re-cordation for counter-letters to affect third parties). Article 2275 of our Civil Code provides that every sale of immovables must be in writing, but that a verbal sale may be proven by written interrogatories to the vendor. Article 2276 strengthens Article 2275 by prohibiting parol evidence to vary the terms of the act.
The case of Cernich v. Cernich, 210 La. 421, 27 So.2d 266 (1946) and 17 Tulane Law Review 457 state that a counter-letter may be used to prove that an authentic act was in reality a simulation. A counter-letter, to have effect between the parties, need not be in authentic form or recorded. See R.S. 9:2721 and 17 Tulane Law Review 457.
In the case of Childers v. Hudson, 223 La. 181, 65 So.2d 131 (1953) a letter not in authentic form or acknowledged was held to be a counter-letter.
For the foregoing reasons we are of the opinion that the letter from Mrs. Blanchie Jacobs Sikes to her brother, Herbert Jacobs, would constitute a counter-letter and prove the sale to be a simulation.
It is the contention of Mrs. Sikes that the payment to the Jackson Parish Bank of the sum of $1,994.25 on April 5, 1967 to pay off the judgment the bank had obtained against her brother, Herbert Jacobs, constituted sufficient consideration and cites the case of Succession of Bishop, 228 La. 994, 84 So.2d 613. This case is not apposite to the instant one for the reason that the recited consideration was paid prior to the actual transaction.
Counsel for appellee has cited no case, nor have we found any, which holds that a sum paid at a date considerably later than the transfer of the property, could act as consideration for the sale. The court in Pounds v. Yancy, La.App., 224 So.2d 1 (1st Cir. 1969) stated:
“A simulated transaction is one declared to be feigned or pretended. It has, in effect, no existence. It is a sham inasmuch as the true intent of the parties is that no transfer take place but rather that title remain in the purported vendor because no consideration whatsoever was in fact paid. Succession of Webre, 247 La. 461, 172 So.2d 285.” [224 So.2d 1, 5]
In the case of Keller v. Blanchard, 19 La.Ann. 53 the court said:
“A simulated sale of a thing results when parties pass a formal act of sale of the thing, for which no price is given, nor intended to be given.” [19 La.Ann. 53, 54]
There is no dispute that at the time of the confection of the sale no consideration was given nor was any intended. We are of the opinion that the payment of a judgment against the plaintiff at a later date by defendant cannot give life to the simulated sale.
The trial judge found that when the Jackson Parish Bank received from the appellee the amount of the judgment which it had obtained against Herbert Jacobs and then had the judgment cancelled, the appellee had a legal subrogation as pro *115 vided by the second paragraph of Article 2161 of the Civil Code which reads:
“Art. 2161. Legal subrogation
“Art. 2161. Subrogation takes place of right:
* * * * * *
“2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged.”
* * * * * *
In view of our finding of fact that there was no consideration and no price paid for the purchase there is no subrogation and Article 2161 of the Civil Code is inapplicable.
For the foregoing reasons the judgment of the trial court is reversed and there is judgment in favor of appellant and against appellee, Mrs. Blanchie Jacobs Sikes, declaring the sale from Herbert Jacobs to Mrs. Blanchie Jacobs Sikes of property by deed dated October 6, 1964 recorded in Conveyance Book 99, page 46 of the Records of Bienville Parish, Louisiana, described as the Southeast Quarter (SEj4) of the Southwest Quarter (SW }4) of Section Thirty-Two (32) Township IS North, Range 4 West, containing 40 acres, more or less, together with all of the improvements thereon and appurtenances thereunto, located in Bienville Parish, Louisiana, to be null and void and is hereby set aside.
All costs are to be paid by appellee.