PRICE, Judge.
Defendant, Belve Barnes, appeals from a judgment recognizing that plaintiff, Roy Edmiston, is the owner of a servitude of passage (covering a 20 X 90 foot parcel) across land owned by defendant and permanently enjoining defendant from obstructing plaintiff’s exercise of this right. For the reasons assigned the judgment of the district court is affirmed.
In 1976 plaintiff purchased from defendant two lots located in Barnes Addition, a subdivision bordering Cypress Lake in Bossier Parish. Within the next six months plaintiff built a brick home for his family residence. From the time of purchase until early 1979, plaintiff had unrestricted access to the lake through a 20 X 90 foot strip of land which lies between the end of Barnes Drive, a public street running adjacent to plaintiff’s lots, and the water line of Cypress Lake. A concrete boat launch had been constructed by defendant at this location under a permit from the Cypress-Black Bayou Recreation and Water Conservation District. Defendant represented to this authority that the launch was for private use of himself and owners of lots in his subdivision. Defendant had a lock affixed to a barrier across the end of Barnes Drive for the purpose of preventing the general public from obtaining access to the lake via this route. Plaintiff, as well as other lot owners in the subdivision, was provided with a key to that lock. In 1979, however, defendant changed the lock and refused to furnish plaintiff with a key to the new lock.[1] Plaintiff instituted this action claiming damages and seeking an injunction against defendant to protect the right of passage he once enjoyed. In addition plaintiff sought damages based on the allegation that defendant represented to him that certain restrictive covenants existed on the lots when in fact there were no such restrictions. That issue, however, is not a concern on this appeal.
*926 In this suit plaintiff alleged that at the time he purchased the lots, defendant verbally represented to him that the 20 X 90 foot parcel of land was excluded from the public dedication of Barnes Drive to provide the owners of lots in the subdivision a convenient private access to Cypress Lake. Plaintiff testified that having access to the lake was one of the principal reasons for his decision to purchase in this subdivision. Plaintiff contends this interference with his enjoyment and use of the access to the lake caused him inconvenience, embarrassment, and humiliation for which he seeks damages.
During the trial of the merits, defendant, while on cross-examination, admitted that he was informed by Edmiston that the only reason he was interested in purchasing the lots was to be on the lake, and that he showed Edmiston the strip of frontage in question and told him that was what the tract was for. He further admitted he told Edmiston he intended to build a launch for all of the lot owners to use.
The trial court found this admission, as corroborated by other parol testimony, to be sufficient to create a servitude of passage in favor of plaintiff since delivery had been accomplished by plaintiff having been permitted to use the facility for almost two years. In the absence of a written agreement to establish title to the servitude, the court relied upon La.C.C. Arts. 2275 and 743 which provide:
Art. 2275. Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.
Art. 743. Servitudes are established by all acts by which property can be transferred, and as they are not susceptible of real delivery, the use which the owner of the estate to whom the servitude is granted, makes of this right, supplies the place of delivery.
The substantive provisions are now provided for in C.C. Article 722:
Predial servitudes are established by all acts by which immovables may be transferred. Delivery of the act of transfer or use of the right by the owner of the dominant estate constitutes tradition.
Defendant’s principal complaint on appeal is that the trial court erred in finding his testimony under cross-examination was sufficient proof that a servitude had been created. He contends he denied agreeing to grant such a right in answer to interrogatories, and that under Louisiana law such a denial is conclusive and parol evidence may not be permitted to contradict this denial.
It is true that the general rule is “that when an alleged vendee under a verbal sale propounds interrogatories to his vendor who answers and denies the sale, such denial is conclusive and final and may not be traversed or contradicted.” Perry v. Perry, 122 So.2d 829 (La.App. 1st Cir. 1960); Rubenstein v. Files, 146 La. 727, 84 So. 33 (1920); Cernich v. Cernich, 210 La. 421, 27 So.2d 266 (1946). However, a close review of the interrogatories propounded and the answers given shows no clear denial on the part of defendant that he had agreed to grant plaintiff a right of use of the launching area if he purchased a lot.
We therefore find the holding in the cited cases is inapplicable to the circumstances presented here. Furthermore, we do not believe the rule established in these cases was intended to preclude the court from consideration of subsequent testimony given by the alleged vendor which indicates his prior denial in answer to interrogatories was either in error or was untrue.
Defendant contends that in no event was his testimony, which admitted discussions with plaintiff of his use of the disputed tract, sufficient to create a servitude, and that the trial court was in error in so holding.
Admittedly the testimony is this regard is very brief. However, we find that a fair evaluation of the discussion which defendant admits having with plaintiff leads to *927 the conclusion that defendant represented to plaintiff that if he bought a lot or lots he would have the use of the passageway defendant was providing for lot owners into the lake. Under the circumstances we find the trial court was not in error in concluding this was sufficient to establish a verbal agreement creating a servitude of passage.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s costs.

. Although the evidence is scant on the reason why this dispute arose, there is an inference that plaintiff was allowing others who were not landowners in the subdivision to use the launch facility, which practice was offensive to defendant. The judgment of the district court does not define the parameters of this personal servitude, and we are not called upon to do so on this review.